(116 App. Div. 719)

### BLOOMGARDEN v. HOFFMANN et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

1. SET-OFF AND COUNTERCLAIM—SPECIFIC PERFORMANCE.

    Where a vendee refused to perform on the ground of the unmarketability of the title, and sued to recover the portion of the purchase price paid by him, a prayer of defendant for specific performance was a counterclaim available to him.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Set-off and Counterclaim, §§ 49, 50.]

2. SPECIFIC PERFORMANCE—APPEAL—EFFECT—RIGHT OF OWNER TO DISPOSE OF PROPERTY.

    Code Civ. Proc. § 501, provides that a counterclaim must be a cause of action against the plaintiff and in favor of the defendant; and section

1323 provides that when an appeal is from a judgment in favor of the owner of real estate, in an action to compel specific performance of a contract for the sale thereof, he shall have the right to dispose of the same as though no appeal had been taken, unless appellant files a bond that he will, in case the judgment be affirmed, pay such damages as the owner may suffer by reason of the appeal. *Held*, that the statute was applicable to a case where the vendee refused to perform on the ground of unmarketability of title and sued to recover a portion of the purchase money paid, and a judgment was rendered in favor of defendant on a counterclaim for specific performance, and plaintiff appealed therefrom without giving a bond pursuant to the statute.

Appeal from Special Term, Kings County.

Action by Henry Bloomgarden against Ernst Hoffmann and another. Appeal by plaintiff from an order denying a motion to punish defendants for a contempt in failing to obey a judgment. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Harry Zirn, for appellant.

Isidor Buxbaum, for respondents.

JENKS, J. This is an appeal from an order of the Special Term denying a motion to punish the defendants for a contempt in failing to obey a judgment and thereby defeating the rights of the plaintiff to his loss. In 1904 the defendants contracted to sell certain premises to the plaintiff, who thereafter rejected the title as unmarketable, and sued to recover $200 paid on account of his purchase and the incidental expenses. The defendants joined issue, with the pleas of denial of the unmarketability and of "a separate and distinct defense and counterclaim" that the plaintiff refused title because of an encroachment for which, though immaterial, the defendants had offered and had tendered a rebate of $100, while the plaintiff had demanded $400. A prayer of the defendants was for specific performance, with allowance for the encroachment. The plea for specific performance was a counterclaim available to the defendants. Moser v. Cochrane, 107 N. Y. 35, 13 N. E. 442.

The court, after trial, found the title marketable and adjudged that the allowance for the encroachment should be $15, that the plaintiff within 10 days after the service of judgment and notice of entry thereof should pay the consideration less the $15, and dismissed the complaint on the merits. The defendants served the judgment on February 11, 1905. The plaintiff appealed therefrom on February 17, 1905. We affirmed the judgment on March 2, 1905. A copy of the order of affirmance was served on the plaintiff's attorney on March 13, 1906. On March 19, 1906, the defendants were served personally therewith, and the plaintiff then tendered to them the consideration money and demanded performance, which was refused. Thereafter, upon these facts, and upon the allegation that the defendants had conveyed the premises to other persons on July 18, 1905, the plaintiff moved as I have heretofore written. The defendants showed that at no time before March 19, 1906, did the plaintiff offer to perform or intimate his willingness to do so, although they had always stood ready on their part until the said July 18, 1905; that no stay had been granted

pending the plaintiff's appeal from the judgment; and asserted that they had acted in good faith in the conveyance made to other persons.

I am of opinion that the motion was rightly denied. The plaintiff did not comply with the terms of the judgment, which required him to take the premises by payment of the consideration within 10 days after entry and notice thereof, but appealed therefrom. The plaintiff's appeal from the judgment did not stay the defendants, for the appellant did not file an undertaking pursuant to the provisions of section 1323 of the Code of Civil Procedure. It is insisted, however, that this section does not apply, for the reason that it reads:

"When the appeal is from a judgment in favor of the owner of real estate, in an action to set aside a conveyance thereof, or in an action to compel the specific performance of a contract for the sale thereof, such owner shall have the same right to sell or dispose of the same as though no appeal had been taken; unless the appellant shall file," etc.,

—while this is an action to recover a deposit.

I think that we should regard the spirit and purpose of the statute, and so construe it as to carry out the legislative intent. People ex rel. Wood v. Lacombe, 99 N. Y. 44–49, 1 N. E. 599; Spencer v. Myers, 150 N. Y. 269–274 et seq., 44 N. E. 942, 34 L. R. A. 175, 55 Am. St. Rep. 675. The purpose of the statute is to prevent a mere appeal ipso facto from staying an owner, who has a judgment for specific performance, from selling his realty during that appeal. It matters not, then, whether the owner has recovered his judgment as a plaintiff or as a defendant. Further, I think that this case is fairly within the terms of the statute. A counterclaim is a cause of action (Code Civ. Proc. § 501), and is necessarily so (Walker v. A. C. Ins. Co., 143 N. Y. 167, 38 N. E. 106; McCulloch v. Vibbard, 51 Hun, 227, 4 N. Y. Supp. 202); and therefore this counterclaim may be regarded, when read with the provisions of the statute, as an action to compel a specific performance. The learned counsel for the appellant makes the point that the defendants' counterclaim is necessarily that they can dispose of the property and keep his money paid on account of the purchase. Not necessarily. The plaintiff sued to recover money paid on account of the purchase price on the ground that the title was unmarketable. The court decided that it was marketable, and decreed specific performance. The specific performance decreed involved payment by the plaintiff. The money already paid on account was to be credited to him, It does not follow, when the defendants by their act abandoned their right to specific performance, that the judgment still awarded to them the amount paid by the plaintiff on account of the purchase.

The order must be affirmed, with $10 costs and disbursements. All concur.