(128 App. Div. 156.)

### KRASNOW v. TOPP et al.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

1. SPECIFIC PERFORMANCE—CONTRACTS ENFORCEABLE—POSSIBILITY OF PERFORM-
ANCE. .
    The fact that a person contracting to convey land does not at the time
have title to all of it does not render specific performance of the contract
impossible, so as to deprive equity of jurisdiction, where it does not ap-
pear that he might not acquire title to the whole of it.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Perform-
ance, §§ 257–279.]

2. SAME—PROCEEDINGS—RELIEF AWARDED—MONEY JUDGMENT.
    In a suit to specifically enforce a contract to convey land, where it ap-
peared at the close of the trial that defendant could not specifically per-
form, a money judgment prayed for was properly rendered.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Perform-
ance, §§ 412–419.]

Appeal from Special Term, Kings County.

Action by Martha Krasnow against Harry Topp and others on a
contract to convey land. From a money judgment for plaintiff, de-
fendants appeal. Affirmed.

Suit by the purchaser for specific performance of a contract to con-
vey real property. The contract was to convey a plot 40 feet front on
a city street, with houses on it. The complaint alleges that the de-
fendant was unable to convey because the houses overlapped and en-
croached four inches on the adjoining land. It prayed for specific per-
formance, and as an alternative for a money judgment for the amount
paid on the contract and the expense of examining the title.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-
LER, JJ.

A. Wolodarsky, for appellants.
Lehman & Telsey, for respondent.

GAYNOR, J. Before any witness was sworn the defendant moved
that the case be sent to the jury calendar for a jury trial. The claim

was that the complaint itself showed that the defendant could not perform, and that therefore the case was not of equitable jurisdiction, as specific performance will not be decreed where it is impossible. But it did not appear that it was impossible. The defendant might, for aught that appeared, put himself in a position to perform by acquiring title to the four-inch strip encroached upon. The case is no different than if the defendant had not owned any of the land he contracted to convey. The motion to send the case to the jury calendar was therefore properly denied; and as at the close it appeared that the defendant could not perform, the court had the right to give the money judgment prayed for.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.