NATHAN COHEN, Respondent, *v.* A. F. A. REALTY COR-
PORATION, Appellant, and BROADWAY MAGNOLIA
REALTY CORPORATION, Respondent.

(Argued January 10, 1929; decided February 13, 1929.)

*Henry Waldman* and *Edward B. Thompson* for appel-
lant. The vendor cannot dispose of the property and at

the same time retain the down payment. (*Bloomgarden v. Hoffman,* 116 App. Div. 719.)

*George Gordon Battle* and *Pearson E. Neaman* for respondent.

*Per Curiam.* In an action by the vendor for the specific performance of a contract for the sale of real estate, the Trial Term dismissed plaintiff's complaint and granted judgment on the counterclaim of defendant A. F. A. Realty Corporation for the return of the down payments on the purchase price. The Appellate Division reversed, ordered judgment for specific performance and dismissed the defendant's counterclaim.

An appeal was then taken to this court. After the entry of judgment on the order of the Appellate Division, the plaintiff-respondent conveyed the premises in question to a third party. He so states in his brief and the appellant consents that the statement be received as a part of the record. He also seeks on this appeal to abandon his claim for specific performance of the contract, asks that the action therefor be discontinued without costs and the judgment, so far as it affects appellant's counterclaim, be affirmed.

The question is whether the plaintiff, having put it out of his power to carry out the judgment, may retain the money paid on account of the purchase. If these facts had appeared on the trial, the complaint would have been dismissed and defendant A. F. A. Realty Corporation would have had judgment on its counterclaim. Plaintiff, instead of curing his title of technical legal defaults, would have made it worse. Inability to perform on his part would have defeated recovery. The same rule should apply when he conveys after obtaining judgment. The plaintiff should not be permitted to convey the land and still retain the payment of the purchase money. When the action is to enforce a contract which the vendor has put it out of his power to perform, the vendee cannot be

subjected to damages for not receiving that which the vendor could not convey. (*Bigler* v. *Morgan*, 77 N. Y. 312, 319. Cf. *Bloomgarden* v. *Hoffmann*, 116 App. Div. 719.)

As nothing remains of plaintiff's cause of action, it is neither necessary nor proper to pass upon the merits of the original controversy or to grant a new trial. This court should render final judgment upon the right of the parties according to law. (N. Y. State Cons. art. VI, § 8.)

The judgment of the Appellate Division should be reversed and judgment ordered against plaintiff in favor of defendant A. F. A. Realty Corporation for the sum of eight thousand dollars ($8,000), with interest thereon from August 5, 1925, with costs in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.