In the Matter of the Petition of JULIE LOHNERT BERNARD, Also Known as JULIE BERNAT, *née* LOHNERT, and JOSEF LOHNERT, by W. J. TRICK, Attorney in Fact, to Compel VERONIKA M. LOHNERT to Render and Settle Her Account as Administratrix of AUGUST LOHNERT, Deceased.

Surrogate's Court, Kings County, June 26, 1930.

*Sol D. Levy*, for Dr. Jaroslav Novak, Czechoslovak Consul General at New York, as attorney in fact for Josef Lohnert and Julie Bernat (*née* Lohnert).

*Esther R. Brause*, for Veronika M. Lohnert, administratrix.

*Harry G. Haiman*, for next of kin.

WINGATE, S.   On this motion for a reargument the basic question at issue is as to the revocability of a power of attorney to

the petitioner. This instrument authorized the attorney to recover the principal's share in this estate, and granted broad powers in that regard. It then contained the following phraseclogy upon which the petitioner relies as demonstrating that the power was irrevocable. This portion of the document reads as follows:

"We hereby authorize said W. J. Trick to make contract with Attorney or Attorneys at law and agree that he may reimburse said Attorney up to 50% of the share recovered for us."

The principles of law respecting the rare exceptions to the rule that a power of attorney is revocable, are stated in *Terwilliger* v. *Ontario, C. & S. R. R. Co.* (149 N. Y. 86, at p. 92) as follows: "In a luminous statement the chief justice confined the scope of the exception to cases where, together with the power, there was vested in the donee an estate, right or interest in the subject of the power, as distinguished from an interest in the proceeds of the power when exercised."

Applying this rule to the case at bar, the power was one to collect a claim as distributee against the estate. The only interest of the donee of the power was in the proceeds of such claim when the power was exercised. The facts, therefore, do not bring it within the excepted class.

The petitioner invokes the further exception to the rule that he has obligated himself by contracting with an attorney at law for the prosecution of the claim and argues that the donor of the power is, therefore, estopped to revoke it. If the attorney has so personally bound himself, he has done an unusual and unnecessary act. All that can be considered contemplated by the instrument is that the attorney in fact should employ counsel as agent for a disclosed principal which would involve him in no personal liability.

The fact of the revocation cannot be disputed by reason of the duly authenticated instrument of revocation, filed in this court.

The unauthenticated letter received by the attorney purporting to come from the principal could, at best, merely raise an inference that such principal did not act advisedly when he revoked the power and cannot vary the legal situation in respect thereto.

The motion for rehearing must, therefore, be denied.

Enter order, on notice, accordingly.