FARBRO CORPORATION, Respondent, *v.* A. F. A. REALTY CORPORATION, Appellant, Impleaded with Others.

(Argued October 11, 1932; decided January 10, 1933.)

*Warren M. Caro* and *Hugo Hirsh* for appellant. Section 586 of the Civil Practice Act had no application to the appeal taken to the Court of Appeals in the specific performance action. (*Gentilala* v. *Fay Taxicabs, Inc.,* 243 N. Y. 397; *Faber* v. *Hanbury,* 159 App. Div. 59.) The *lis pendens* filed by defendant-appellant in support of its counterclaim was never canceled, but was in force and effect at the time plaintiff's grantors took title. (*Hermann* v. *Ludwig,* 227 N. Y. 632; *Jackson* v. *Smith,* 154 App. Div. 883; *Taylor* v. *N. Y. Life Ins. Co.,* 209 N. Y. 23; *Finch* v. *Forster Co.,* 233 N. Y. 619; *Hayden* v. *Florence Sewing Machine Co.,* 54 N. Y. 21; *Stuart* v. *Coleman,* 78 Okla. 81; *Wright* v. *Roberts,* 55 Hun, 610; *Puget Sound* v. *Tacoma,* 217 Fed. Rep. 265; *Kirkland* v. *Trott,* 75 Ala. 321; *Carr* v. *Cates,* 96 Mo. 271; *Madden* v. *Lennon,* 23 Misc. Rep. 79; *Breen* v. *Lennon,* 10 App. Div. 36; *Witteman*

*Bros.* v. *Forman Bottling Co.*, 178 App. Div. 674; *Beman* v. *Todd*, 124 N. Y. 114; *St. Regis Paper Co.* v. *Santa Clara Lumber Co.*, 62 App. Div. 538; *Mills* v. *Bliss*, 55 N. Y. 139; *Whalen* v. *Stuart*, 123 App. Div. 446; 194 N. Y. 495; *Fitzsimmons* v. *Drought*, 15 App. Div. 413; *Slater* v. *Granneman*, 124 App. Div. 98.) The *lis pendens* was never canceled in the sole manner provided for such cancellation by the provisions of the Civil Practice Act. (*Hartwell* v. *Riley*, 47 App. Div. 154; *Wilson & Co.* v. *Banque Francaise du Maxique*, 124 Misc. Rep. 690; *Manhattan Co.* v. *Laimbeer*, 108 N. Y. 578; *Mutual Life Ins. Co.* v. *Oake*, 187 N. Y. 257; *People ex rel. Simmons* v. *Dowling*, 84 Misc. Rep. 201; 164 App. Div. 911.)

*Charles H. Street* for respondent. Section 586 of the Civil Practice Act was applicable to the appeal taken to the Court of Appeals in the specific performance action. (*Bloomgarden* v. *Hoffman* (116 App. Div. 719; *Archer* v. *Equitable Life Assur. Soc.*, 218 N. Y. 18.) The prior owners and their grantee, the plaintiff in the present action, were purchasers for value and in good faith, within the meaning of the amended remittitur of the Court of Appeals, and section 586 of the Civil Practice Act. (*Nugent* v. *Jacobs*, 103 N. Y. 125; *Valentine* v. *Austin*, 124 N. Y. 400; *Goldberg* v. *McCord*, 251 N. Y. 28.) As the *lis pendens* filed by the defendant-appellant in the specific performance action had been canceled before the prior owners contracted to purchase the property, it was unnecessary to procure an order canceling the same under section 586 of the Civil Practice Act. (*Dwight* v. *Gibb*, 208 N. Y. 153; *Silverstein* v. *Standard Accident & Ins. Co.*, 221 N. Y. 332; *Waldo* v. *Schmidt*, 200 N. Y. 205; *Crouse* v. *McVicker*, 207 N. Y. 213; *Corn Exchange Bank* v. *Blye*, 119 N. Y. 417.)

LEHMAN, J. In 1926 Nathan Cohen, a defendant in this action, brought an action against the defendant A. F. A. Realty Corporation for specific performance

of its contract for the purchase of a parcel of real property in the county of Nassau. The defendant interposed an answer, in which it set up a counterclaim for the return of $8,000 which it had paid on account of the purchase price, and asked that it be adjudged to have a lien upon the premises for the said sum of $8,000, with interest, and that said lien be foreclosed and the premises sold to satisfy the lien. The defendant then filed a notice of pendency of action, as permitted by section 125 of the Civil Practice Act.

After a trial at Special Term, judgment was rendered in favor of the defendant A. F. A. Realty Corporation dismissing the complaint and granting the relief prayed for in the counterclaim. Upon appeal that judgment was reversed by the Appellate Division, and judgment of specific performance was directed in favor of the plaintiff in that action.

The defendant in that action appealed to this court. Before the appeal was argued the owner of the real property sold it to a stranger, and title had passed to the Farbro Corporation. The owner, by voluntary conveyance to a stranger, had made specific performance impossible of the original contract of sale. For that reason this court reversed the judgment of the Appellate Division (*Cohen* v. *A. F. A. Realty Corp.*, 250 N. Y. 262), and ordered judgment in favor of the defendant against the plaintiff for the amount of the deposit. The judgment entered upon the remittitur from this court was a money judgment for the amount of the deposit with interest and costs. It did not adjudge that the defendant had a lien upon the real property for the amount of that deposit. Upon the defendant's motion the remittitur was amended by adding: " It is hereby adjudged that the A. F. A. Realty Corp. have a lien on the premises described in the complaint for the amount of said judgment and judgment of foreclosure and sale on said lien as provided in the judgment of the Supreme Court to be entered hereon, without prejudice, however,

to the right of any purchaser for value and in good faith to litigate the claim that the lien as to such purchaser is invalid." (250 N. Y. 588.)

The subsequent purchaser from the plaintiff, in the action for specific performance, was not a party to that action. The judgment enforcing the lien was none the less binding upon the purchaser, if the notice of pendency of action filed by the defendant, who set up in its answer a counterclaim for a lien on the property, remained effective, as constructive notice to any purchaser from the owner of the property, pending an appeal from a judgment in favor of the owner. (Civ. Pr. Act, §§ 121, 125.) Whether the judgment would be binding upon one who was not a party to the action could not be determined in the action itself, but so long as the question remained open, the judgment constituted at least a cloud on the purchaser's title.

The Farbro Corporation derives title from the purchaser. It has brought this action to remove that cloud and to enjoin the A. F. A. Realty Corporation from attempting to enforce the judgment against the premises or against the plaintiff. A notice of pendency may be filed by the plaintiff in any action brought to recover a judgment affecting the title to real property (Civ. Pr. Act, § 120), and a defendant who sets up in his answer a counterclaim demanding a similar judgment has the same right, and for such purpose " the defendant filing such a notice is regarded as a plaintiff and the plaintiff is regarded as a defendant " (Civ. Pr. Act, § 125). No bond is required to make the notice of pendency of action effective, and until the action is " settled, discontinued or abated, or final judgment is rendered therein against the party filing the notice, *and the time to appeal therefrom has expired*," the notice may be canceled only by an order of the court made upon proof which satisfies the court that " adequate relief can be secured to the party filing the same by a deposit of money or in the

discretion of the court by the giving of an undertaking ''
(Civ. Pr. Act, §§ 123 and 124). In the present action,
as we have said, a final judgment was rendered upon the
decision of the Appellate Division against the defendant
filing the notice of pendency, but before the time to
appeal therefrom had expired an appeal was taken to
this court. The order of reversal by the Appellate
Division contained an adjudication that the defendant
A. F. A. Realty Corporation has no lien or claim against
the real property. The judgment of reversal entered
by the County Clerk upon that order added an unauthor-
ized provision that it is '' adjudged, ordered and decreed
that the notice of pendency of action herein filed on the
third day of April, 1926, be and the same hereby is
vacated and canceled.'' For some reason, not relevant
now, the clerk of the county did not act upon that pro-
vision of the judgment, but the owner of the property,
after the notice of appeal was served, procured *ex parte*
an order from a justice of the Supreme Court directing
the clerk of the county of Nassau to vacate and cancel
the notice of pendency of action, and the clerk of the
county thereupon marked upon the notice the words:
'' Cancelled by order filed the 12th day of July, 1928.
Thomas S. Cheshire, County Clerk.'' In the affidavit
upon which the order was obtained, the affiant did not
apprise the court of the fact that an appeal was then
pending. The order of cancellation was not served upon
the party filing the notice at any time. There is no
authority to make such an order, and an *ex parte* order
made without authority is certainly void. The notice
of pendency still remained on file. The invalidity of the
order of cancellation of the notice appeared on the face
of the order itself. The notation on the notice that
it was canceled by order of the court could have no
greater validity than the order referred to in that nota-
tion. A purchaser relying upon the notation of cancella-
tion thus received notice at the same time of the invalidity

of the cancellation. Section 123 itself provides that " The cancellation must be made by a note to that effect, on the margin of the record, *referring to the order.*"

It is true that the rules that we have stated above are subject to one exception. The Legislature has provided in section 586 of the Civil Practice Act that " When an appeal is from a judgment in favor of the owner of real estate in an action to set aside a conveyance thereof, or in an action to compel specific performance of a contract for the sale thereof, such owner shall have the same right to sell or dispose of the same as though no appeal had been taken, unless the appellant shall file with the clerk of the court a written undertaking in a sum fixed by the court or a judge thereof, upon a notice to the respondent of at least ten days, and to be approved by such court or judge, to the effect that the appellant, in case the judgment appealed from shall be affirmed, will pay to such owner such damages as he may suffer by reason of such appeal, not exceeding the amount of the penalty in such undertaking." Where no such undertaking is filed, the respondent is entitled to an order canceling a notice of pendency of action filed in the action. The appellant here gave no such undertaking, and the purchaser relies more upon the provisions of this section than upon the notation of cancellation on the *lis pendens*. The question presented is whether this section applies in the present action.

The notice of pendency of action gives constructive notice to a " purchaser or incumbrancer of the property affected thereby, from or against a *defendant* with respect to whom the notice is directed to be indexed " (§ 121). A purchaser or encumbrancer, from or against the owner of real property, obtains title subject to the claims of third parties of which he has constructive notice. It would be futile for an owner bringing an action for the specific performance of a contract of *purchase* of real property to give notice to third parties of the pendency

of the action against the third party, for only he could convey the property, and the statute makes no provision for the filing of a *lis pendens* under such circumstances. Quite evidently, therefore, section 586 is intended to apply, and can apply only to a case where a notice of pendency has been directed to be indexed *against* the owner of real property as defendant in an action to set aside a conveyance thereof or in an action to compel the specific performance of a contract of sale thereof.

The notice of pendency here, though directed to the owner of the real property who has brought an action for specific performance of a contract for the purchase thereof, gave constructive notice not of the pendency of the action for specific performance but of the pendency of proceedings upon a counterclaim for a judgment enforcing a lien upon the real property. If that claim had been asserted in an independent action brought against the owner, a notice of pendency of action would have remained effective during the pendency of an appeal from the judgment in favor of the owner, and no undertaking would have been required of the party filing the notice. The defendant had a right to interpose the counterclaim in the action for specific performance and to file a notice of pendency. The statute expressly provides (§ 125): "For the purpose of such an application, the defendant filing such a notice is regarded as a plaintiff and the plaintiff is regarded as a defendant." Since for the purpose of filing a notice of pendency a defendant who has set up a counterclaim in his answer must be regarded as a plaintiff and the plaintiff regarded as a defendant, the rights of the parties must be measured as if the notice had been served in an action brought by the defendant as plaintiff. A counterclaim interposed in an action is treated in many respects as if it were an action. The provision of the statute that in certain actions a notice of pendency directed to be filed against the owner of the property shall be ineffective pending an

appeal from a judgment in favor of the owner unless an undertaking is filed, has no application to a notice of pendency filed in other actions. (*Fulton County Gas & Electric Co.* v. *Hudson River Tel. Co.*, 200 N. Y. 287, 291, 292.)

For these reasons the judgment of the Appellate Division and that of the Special Term should be reversed and judgment directed in favor of the defendant-appellant dismissing the complaint, with costs in all courts. (See 261 N. Y. 621.)

KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur; CRANE, J., dissents on the ground that the cancellation of the notice of pendency of action was effective. POUND, Ch. J., not voting.

Judgment accordingly.