FARBRO CORPORATION, Respondent, *v.* A. F. A. REALTY CORPORATION, Appellant, and Others, Defendants.

The following is the opinion of the Special Term:

CONWAY, J. On or before August 5, 1925, one Nathan Cohen, as the seller, entered into a contract with defendant A. F. A. Realty Corporation, as the purchaser, for the sale of certain real estate, under the terms of which the deed was to be delivered on September 28, 1925. Prior to the latter date defendant paid Cohen the sum of $8,000 on account of the purchase price. At the time the above agreement was executed title to the property in question was held, *not by Cohen*, but by a certain Loumo Realty & Mortgage Co., Inc. On or about August 15, 1925, the latter corporation contracted to sell the premises to Cohen. Under the provisions of that contract Cohen agreed that $35,000 of the purchase price should be paid by the execution and delivery by him of a purchase-money bond and mortgage to the Loumo Realty & Mortgage Company. On or about November 13, 1925, Cohen assigned his interest in the contract to the Broadway Magnolia Realty Corporation, which company apparently was Cohen's dummy; and upon that date the owner of the premises conveyed title to Cohen's assignee, which in turn gave back two purchase-money bonds and mortgages, each in the sum of $18,750. On November 4, 1926, the two mortgages were consolidated into one, and the principal sum due upon the mortgage, as thus consolidated, was reduced to the sum of $35,000. On December 1, 1925, the Loumo Company assigned the bond and mortgage to the Marsol Mortgage Corporation.

On or about December 2, 1925, Cohen commenced an action against the A. F. A. Realty Corporation to compel it to specifically perform its contract for the purchase of the premises. In defense thereto the A. F. A. Realty Corporation alleged, among

other things, that Cohen was not and never had been the owner in fee of the property and that he was never able to give a good and marketable title. In addition thereto the A. F. A. Realty Corporation counterclaimed for a return of the down payment of $8,000, which it had advanced to Cohen on account of its contract of purchase, and prayed that a vendee's lien for that amount, together with interest and costs, be impressed upon the premises.

The Broadway Magnolia Realty Corporation, the then owner of the premises, was made a party to the action upon the assumption that it was Cohen's dummy. In connection with its counterclaim the A. F. A. Realty Corporation caused to be filed a *lis pendens* on or about April 3, 1926.

Upon the trial of the foregoing action the trial court rendered judgment on February 14, 1927, in favor of the defendant A. F. A. Realty Corporation dismissing Cohen's complaint and sustaining the counterclaim. Upon appeal that judgment was reversed by the Appellate Division, and judgment of specific performance was directed in Cohen's favor. The Appellate Division also directed that the *lis pendens* which had been filed by the A. F. A. Realty Corporation be vacated and canceled. On May 7, 1928, the latter company filed a notice of appeal to the Court of Appeals. During the pendency of such appeal one Harry Farber and one Louis Farber purchased the property in question from the Broadway Magnolia Realty Corporation. Under its contract the Farbers agreed to pay a purchase price of $55,000, of which $30,000 was to be paid by taking the property subject to the consolidated mortgage which has been mentioned heretofore. The evidence adduced herein satisfactorily discloses that on the date of the closing of title, to wit, September 28, 1928, the Farbers fully satisfied the mortgage by the payment of $30,000 by means of a certified check. It further appears herein that they paid the mortgage in total ignorance of the rights of the A. F. A. Realty Corporation, and in so doing relied upon the report of a title company which failed to disclose the existence of the *lis pendens* filed by the A. F. A. Realty Corporation.

Subsequent to the purchase of the property by the Farbers, the Court of Appeals on February 14, 1929, reversed the judgment of the Appellate Division in the action of Cohen against the A. F. A. Realty Corporation, and sustained the latter's counterclaim in so far as it demanded a money judgment. (See 250 N. Y. 262.) Upon defendant's motion an amended remittitur provided that: " It is hereby adjudged that the A. F. A. Realty Corp. have a lien on the premises described in the complaint for the amount of said judgment * * * without prejudice, however, to the right of any purchaser for value and in good faith to litigate the claim *that the lien as to such purchaser is invalid.*" (See 250 N. Y. 588.)

Subsequent to the foregoing determination, plaintiff herein, which derives its title from the Farbers, brought an action against the A. F. A. Realty Corporation upon the assumption that the lien on the property in favor of the latter constituted a cloud on the plaintiff's title. The question in that case was whether the Farbers had constructive notice at the time of their purchase of the property of the pendency of the A. F. A. Realty Corporation's counterclaim against Cohen and the Broadway Magnolia Realty Corporation. Such question depended further upon the proposition whether the notice of pendency, filed by the A. F. A. Realty Corporation, was effectually vacated pursuant to the judgment of the Appellate Division in the action of Cohen against the A. F. A. Realty Corporation. For reasons

immaterial to the present consideration, the Court of Appeals in the previous action brought by the present plaintiff decided that the notice of pendency had not been effectually vacated at the time that the Farbers purchased the property and that in consequence they took the property with constructive notice of the vendee's lien, to which the A. F. A. Realty Corporation was entitled.

In accordance with such determination the court originally directed a dismissal of plaintiff's complaint in its action to remove the cloud of the lien. (See 261 N. Y. 24.) Subsequently, however, it substituted in the remittitur a provision that a new trial be granted (See 261 N. Y. 621), and it is the trial thereof which has come on to be heard before the present court.

It is to be observed that upon the first trial plaintiff sought to challenge, in so far as its rights were concerned, the very existence and validity of the A. F. A. Realty Corporation's lien upon the property in question. The above decision of the Court of Appeals conclusively determined that the A. F. A. Realty Corporation was and is in fact possessed of a valid lien upon the property. Under an amendment to its complaint, however, plaintiff, accepting the validity of the lien, now seeks an adjudication respecting the priority thereof. It is plaintiff's theory under the principles of subrogation, that the consolidated mortgage paid off by its grantors, the Farbers, when the latter purchased the property, should be reinstated in favor of the plaintiff and be adjudged paramount and superior to the lien held by the A. F. A. Realty Corporation.

It is a well-known principle that whenever a person has advanced money to pay off an incumbrance which is thereupon discharged of record, equity will cancel the satisfaction thereof and revive and enforce the lien in favor of the one advancing the money, where such procedure is necessary in order to prevent injustice or to prevent a subsequent incumbrancer from obtaining an unjust preference. (See T. G. & T. Co. v. Haven, 196 N. Y. 487; Barnes v. Mott, 64 id. 397; Clute v. Emmerich, 26 Hun, 10; affd., 99 N. Y. 342.) In the case last cited it was pointed out at General Term: "The rule is well settled * * * that a person holding the legal title to property of this nature affected by a paramount incumbrance shall be allowed, even after it has been paid by him, to avail himself of the benefit of it as against an intermediate claimant by judgment, of whose existence he was ignorant, for the purpose of resisting legal proceedings brought for its enforcement, or maintain a title acquired under it. The party paying the first incumbrance under such circumstances is entitled to be substituted to the benefit of the incumbrance itself, although it may have been in form extinguished, so far as that may be necessary to sustain his title to the property in dispute. The creditor or the purchaser under him is in no worse condition by reason of the application of this rule than he was when his judgment was recovered. All his rights and interests in the property are protected by its observance, but he is not allowed to acquire a priority by reason of a payment made in ignorance of his claim, which would give him an inequitable advantage over the person who has taken the deed and formally discharged the incumbrance for the completion or perfection of his title."

The foregoing statement of the rule is particularly appropriate in the present case. This is true, since I find as a matter of fact that the Farbers advanced the $30,000 for the purpose of freeing the land of the indebtedness secured by the mortgage held by the Marsol Company.

The mortgages, which were subsequently consolidated into one, were originally placed upon the land at a time prior to the commencement by the A. F. A. Realty Corporation of the action to impress the lien. When the consolidated mortgage was satisfied by the Farbers they became entitled, under the circumstances herein revealed, to be substituted to the benefit of that incumbrance and thus to be subrogated to the exact position held by the mortgagee. No rights of the A. F. A. Realty Corporation, under its lien, are assailed or affected by the application of such doctrine. It is obvious that had the Farbers failed to satisfy the mortgage, the right of the A. F. A. Realty Corporation to resort to the land in the enforcement of its lien would have been subordinate to the paramount interest of the mortgagee.

The A. F. A. Realty Corporation did not acquire a more favored position by reason of the discharge of the mortgage debt by the Farbers in ignorance of the existence of the lien. On the contrary, the lien continued " to operate solely within its own proper and just boundaries." (*Clute* v. *Emmerich*, 99 N. Y. 342, 352.) The plaintiff, as the successor in interest of the Farbers, occupies the same position and has the same rights and equities that they would have had had they continued the owners of the premises. (*Barnes* v. *Mott*, 64 N. Y. 397.)

Defendant vigorously contends, however, that even if it be conceded that the Farbers would be entitled to a revivor of the mortgage, in no event may similar relief be accorded to their grantee. This conclusion is sought to be justified upon the ground that the latter parted with no consideration for the conveyance to it of the premises from the Farbers.

I do not incline, however, to such view. When the vendee's lien first came into being, it would have been merely a second lien upon the land but for the Farbers' mistake in paying off the prior incumbrance. Under the circumstances, equity would have revived the mortgage in favor of the Farbers and thus would the lien of the A. F. A. Realty Corporation have been relegated to its proper subordinate status. The discharge of the mortgage was obviously for the purpose of securing to the owner of the land a more complete and perfect title. The right to discharge such mortgage and likewise the right to revive it, in a proper case, were incidents of the ownership of the land. In consequence, when the ownership in the land passed to another, whether by grant, devise or descent, the incidents of such ownership, including the equity here asserted, would become available to a grantee, devisee or heir. I think this conclusion is generally justified by the language of the court in *Barnes* v. *Mott* (*supra*, at p. 401). It is immaterial that the consideration for the conveyance here was merely nominal. The rule is that an interest acquired by a transfer without consideration may be protected if it does not interfere with the *rights* of third persons. (Pomeroy Eq. Juris. [3d ed.] § 685.)

No rights, however, of the A. F. A. Realty Corporation have been prejudiced by the transfer of the ownership of the land to the plaintiff. It has neither gained nor lost, irrespective of whether or not a consideration was paid by plaintiff to the Farbers. The A. F. A. Realty Corporation was entitled originally only to the status of a junior lienor. No act on its part has created an equity which entitles it to a more favored position. It cannot seize upon the inadvertent mistake of plaintiff's grantors and the absence of consideration between the parties to the grant as grounds for insisting that the lien which it possesses has ripened into a paramount incumbrance. In finality its lien, originally a subordinate incumbrance, should continue " to operate solely within its own proper and just boundaries."

In conclusion, I do not find that the plaintiff has been guilty of laches. On the contrary, the evidence indicates that throughout the prolonged litigation it has acted promptly, though at times in error, in asserting its right to relief. The fact that in the meantime the value of the real estate has depreciated and that certain material witnesses have died, while unfortunate, certainly cannot affect the fundamental equitable principles involved.

Judgment directed in accordance with the foregoing. Findings and conclusions to be settled on notice.