■ GEORGE SCHUBEL, Appellant, v. BERNARR MACFADDEN FOUNDATION, INC., Respondent.— In an action for specific performance and for other relief, the appeal is from a judgment dismissing the complaint upon the merits after trial. Judgment modified to the extent that it be deemed without prejudice to such action at law, if any, as appellant may be advised to pursue. As so modified, judgment unanimously affirmed, without costs. In our opinion, appellant failed to establish any cause of equitable action, entitling him to specific performance. The underlying writings offered by him as constituting an agreement to convey the subject real property to him, and the additional proof adduced, evinced no proprietary interest in the realty on appellant's part, nor any equitable or fiduciary relation thereto. Upon the whole proof the learned Special Term was free to conclude that appellant was not entitled to receive a deed or other indicia of ownership. By adopting appellant's own practical construction and that of the other parties involved, appearing in supplementary writings (*Town of Islip* v. *Smith,* 3 A D 2d 726), the learned Special Term was likewise free to conclude that appellant was merely a person contingently interested in the financial outcome of the sale of the realty, a status akin to that of a revocable power of attorney (cf. *Matter of Lohnert,* 137 Misc. 442, 443), or a revocable power of agency (2 C. J. S., Agency, § 75, subd. c). Under the circumstances, the complaint was properly dismissed, though it demanded money damages in the alternative, since equitable jurisdiction could not be retained to grant legal relief where no right to equitable relief was made out (*International Photo Rec. Machs.* v. *Microstat Corp.,* 269 App. Div. 485, 489; *Doyle* v. *Allstate Ins. Co.,* 1 N Y 2d 439, 442–443; *Kelsey* v. *Distler,* 133 App. Div. 916; *Clark* v. *Borough Asphalt Co.,* 93 Misc. 662, 666-667). Only where a valid contract to convey is proved, and it appears

that the vendor cannot perform, will an equitable tribunal award money damages alternatively prayed for (*Krasnow* v. *Topp,* 128 App. Div. 156). It would be unjust, however, to permit respondent to convey the land to a third party and still retain what it called the appellant's initial down payment (cf. *Cohen* v. *A. F. A. Realty Corp.,* 250 N. Y. 262; *Rubinger* v. *Rippey,* 201 Misc. 135). For that reason, the judgment below should not be permitted, by possible operation of the rule of *res judicata,* to deprive appellant from pursuing his rights in an action at law (cf. *Maflo Holding Corp.* v. *S. J. Blume, Inc.,* 308 N. Y. 570, 574-575; *Saperstein* v. *Mechanics & Farmers Sav. Bank,* 228 N. Y. 257, 262; Civ. Prac. Act. § 112-e; see, also, *Fitzgerald* v. *Title Guar. & Trust Co.,* 290 N. Y. 376). Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.