■ Ansonia Associates Limited, Appellant, v Quick Park Ansonia Garage Corp., et al., Respondents. [686 NYS2d 418] —Appeal from order, Supreme Court, New York County (Charles Ramos, J.), entered February 6, 1998, which granted defendants' motion for summary judgment, deemed to be an

appeal from the ensuing judgment, same court and Justice, entered February 13, 1998, which dismissed the complaint, and as so considered, the judgment unanimously affirmed, without costs.

Plaintiff is seeking to pierce the corporate veil to hold corporate defendants Quick Park Columbia Garage Corporation and Evan Garage Corporation and individual defendant Jacob Sopher liable for a $367,000 judgment obtained by plaintiff against the aforementioned corporate defendants' wholly owned and now insolvent subsidiary, defendant Quick Park Ansonia Garage Corporation. While the record contains strong indicia of domination and control by the former corporate entities over the judgment debtor (*see, Passalacqua Bldrs. v Resnick Developers S.*, 933 F2d 131, 138; *Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.*, 243 AD2d 595), plaintiff has failed, despite substantial discovery in the judgment debtor's bankruptcy proceeding, to make the showing requisite to disregard of the corporate form that such domination and control as there was over the now insolvent corporation was used for fraudulent ends and, indeed, that it was the cause of the debtor's insolvency and, more specifically, of its inability to pay plaintiff rent. In the absence of evidence sufficient to raise a triable issue of fact as to whether the corporate form was abused so as to cause plaintiff's injury, the action against the non-judgment debtor corporate defendants was properly dismissed (*see, TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335; *Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp., supra*). Plaintiff's action insofar as it was asserted against individual defendant Sopher was also properly dismissed since there is no evidence to support plaintiff's claim that Sopher used the debtor corporation for "purely personal rather than corporate ends" (*Walkovszky v Carlton*, 18 NY2d 414, 418; *accord, Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 656-657). Concur—Ellerin, P. J., Nardelli, Williams and Andrias, JJ.