(April 19, 2001)

■ RUBEN BRITO, Respondent-Appellant, v DILP CORPORATION et al., Appellants-Respondents, et al., Defendant. [723

NYS2d 459] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered January 27, 2000, which, insofar as appealed from as limited by the parties' briefs, denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant the motion as to defendant Dillenberger, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant Dillenberger dismissing the complaint.

This personal injury action arises from the collapse of a brick parapet wall of a building owned by the corporate defendant. Summary judgment in favor of the corporate defendant was properly denied on the ground that issues of fact exist as to whether it had actual or constructive knowledge of the defect that caused the wall to collapse. The building appeared to be out of plumb when purchased by the corporate defendant. No inspection was performed at the time of purchase or during the 15 years between purchase and accident. There is no evidence that the building parapet wall was annually inspected as required by 1 RCNY 32-04 (c) and the Department of Buildings determined after the accident that there was a violation of Administrative Code of the City of New York § 27-127 for failure to maintain the exterior walls in a safe condition (*see, Guzman v Haven Plaza Hous. Dev. Co.*, 69 NY2d 559, 565-567).

The IAS court should have granted summary judgment to defendant Dillenberger. An owner and shareholder of a corporation is not individually liable for the torts of that corporation unless it is established that complete domination was exerted by the owner or shareholder to commit a wrong against the one seeking to pierce the corporate veil (*Morris v Department of Taxation*, 82 NY2d 135, 140-142). Where, as here, the corporation has insufficient assets or insurance to satisfy plaintiff's potential damages, that is not a basis upon which to impose a corporate liability on an individual owner or shareholder (*Ansonia Assocs. v Quick Park Ansonia Garage Corp.*, 259 AD2d 308). Plaintiff must plead and prove with specific facts that the corporation has been used to conduct the personal business of the owner or shareholder, aside from undercapitalization or insufficient insurance coverage (*Walkovszky v Carlton*, 18 NY2d 414, 418-420). There is no showing that Dillenberger used his corporate position for "personal rather than corporate ends" (*Shimamoto v S&F Warehouses*, 257 AD2d 334, 340). Since plaintiff failed to submit proof in admissible form raising a question of fact as to Dillenberger's potential liability, he was entitled to summary judgment.

Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.