■ WILSON PADILLA, Appellant, v EDISON TRANSPORT, INC., et al., Defendants, and TREMONT DISPATCHING CORP. et al., Respondents. [960 NYS2d 315]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 29, 2012, which, insofar as appealed from, granted the cross motion of defendants Tremont Dispatching Corp. (Tremont), Crosby Taxi Co. Ltd. (Crosby), Sasojo Realty Corp. (Sasojo), and John Caio for summary judgment dismissing the complaint as against them, and denied plaintiff's motion for partial summary judgment on the issue of liability as against these defendants, unanimously affirmed, without costs.

Plaintiff was injured when a taxicab owned by defendant Edison Transport, in which he was a passenger, struck a parked vehicle. Although plaintiff may have demonstrated that Tremont exercised complete domination and control over Edison, he failed, as the party seeking to pierce the corporate veil, to sustain his burden of showing that the individual defendants "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against" him (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]).

There is also no basis to pierce the corporate veil to reach Caio in his individual capacity. There is a lack of evidence that

Caio, the president and sole shareholder of all the corporate defendants, was doing business in his individual capacity, or that he used his corporate position for "personal rather than corporate ends" (*Brito v DILP Corp.*, 282 AD2d 320, 321 [1st Dept 2001] [internal quotation marks omitted]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, Freedman, Feinman and Gische, JJ.