■ ADELE OBERSTEIN, Appellant, v MAYFAIR SUPER MARKETS, INC., Doing Business as EDWARDS SUPER FOOD STORES, Respondent. [748 NYS2d 271] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 2, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff fell when her foot became caught on a vertical section of a shopping cart "railing" located four to five inches above the ground and running the length of the bakery counter in the defendant's supermarket. The defendant made a prima facie showing of entitlement to judgment as a matter of law by establishing that the shopping cart railing was not an inherently dangerous condition. The defendant therefore had no duty to warn the plaintiff of the existence of the shopping cart railing (*see Casamassa v Waldbaum's Inc.*, 276 AD2d 659, 660; *Speirs v Dick's Clothing & Sporting Goods*, 268 AD2d 581, 582; *Thomas v Price-Mart Inc.*, 267 AD2d 374, 375).

The burden then shifted to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact as to whether the shopping cart railing constituted a dangerous or defective condition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320). The affidavit of the plaintiff's expert, submitted in opposition to the defendant's motion, was conclusory, not based on the expert's personal knowledge, and did not set forth any specific safety guidelines for supermarkets which were applicable to such shopping cart railings and allegedly violated by the defendant. Therefore, that affidavit was insufficient to defeat the defendant's motion for summary judgment (*see Speirs v Dick's Clothing & Sporting Goods, supra*; *Pizzi v Bradlee's Div. of Stop & Shop*, 172 AD2d 504, 506). Absent the existence of a dangerous condition, the defendant was entitled to judgment as a matter of law (*see Moody v Woolworth Co.*, 288 AD2d 446). Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.