■ GILLIAN LEEDS et al., Respondents, v D.B.D. SERVICES, INC., Appellant, and FINE LINE INTERIOR, LTD., Respondent, et al., Defendant. (And a Third-Party Action.) [766 NYS2d 180] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 7, 2003, which, to the extent appealed from, denied the motion by defendant D.B.D. Services, Inc. (DBD) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The infant plaintiff Gillian Leeds and her babysitter, plaintiff Lorna Carroll, sustained injury when four kitchen cabinets in the cooperative apartment owned by plaintiff Mark Leeds broke loose from the wall. Defendant DBD had been retained by the building owner, defendant Ocwen Properties, Inc., to renovate some 20 to 30 apartments. DBD hired defendant Fine Line Interior to perform some of the work, including the installation of new kitchen cabinets.

It is undisputed that Fine Line was an independent contractor, working pursuant to an oral agreement with DBD. As a general rule, if a party "did not exercise actual or constructive control over the performance and manner in which the work

* * * was performed," it cannot be held vicariously liable for the negligence of an independent contractor (*Lazo v Mak's Trading Co.*, 84 NY2d 896, 897 [1994]). However, liability will attach "where the employer is negligent in selecting, instructing or supervising the contractor, where the contractor is employed to do work that is inherently dangerous or where the employer bears a specific nondelegable duty" (*Tytell v Battery Beer Distrib.*, 202 AD2d 226, 226-227 [1994], citing *Kleeman v Rheingold*, 81 NY2d 270, 274 [1993]).

Evidence that a DBD supervisor exercised general supervisory authority over the apartment renovations, without more, is insufficient to warrant imposition of vicarious liability (*see Saini v Tonju Assoc.*, 299 AD2d 244, 245 [2002]). However, the extent of the oversight of Fine Line's work by DBD is unclear and, thus, as the movant for summary judgment, DBD has failed to sustain its burden of eliminating every question of fact from the case so as to entitle it to summary judgment (CPLR 3212 [b]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

We have considered the remaining arguments raised by defendant DBD and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Gonzalez, JJ.