■ Judith Carpenter et al., Respondents-Appellants, v Paul Murphy, Appellant-Respondent, and Barney Reilly Corporation et al., Respondents. (And a Third-Party Action.) [772 NYS2d 72]—

In an action to recover damages for personal injuries, etc., the defendant Paul Murphy appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated October 7, 2002, as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and granted those branches of the separate motions of the defendants Kevin Saumell and R.C. Henderson Stair Builder, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the separate motions of the defendants Kevin Saumell and R.C. Henderson Stair Builder, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal by Paul Murphy from so much of the order as granted the separate motions of the defendants Kevin Saumell and R.C. Henderson Stair Builder, Inc., for summary judgment dismissing the complaint insofar as asserted against them, is dismissed, without costs or disbursements, as he is not aggrieved thereby (*see Hauser v North Rockland Cent. School Dist. No. 1,* 166 AD2d 553 [1990]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The injured plaintiff sustained physical injuries after she fell down a staircase from the first floor to the basement in the home of the defendant Paul Murphy. The staircase was installed approximately six months before the accident in the course of a remodeling project. Murphy had retained the defendant Barney Reilly Corporation (hereinafter the contractor) as the contractor for the remodeling project, and the defendant Kevin Saumell, an architect (hereinafter the architect), to draft the plans for the project. The contractor thereafter engaged the services of the defendant R.C. Henderson Stair Builder, Inc. (hereinafter the supplier), to fabricate the staircase.

The injured plaintiff, and her husband derivatively, commenced the present action to recover damages for personal injuries arising from negligence against Murphy, the contractor, the architect, and the supplier. Following the joinder of issue and disclosure, the architect and the supplier separately moved for summary judgment dismissing the complaint. Murphy subsequently cross-moved for the same relief. The Supreme

Court granted the separate motions of the architect and the supplier, and denied Murphy's cross motion.

The staircase was not constructed in accordance with the architect's approved plans. Therefore, the alleged negligent design was not a proximate cause of the accident. Further, there is no competent evidence in the record that the supplier installed the staircase. The allegation of the contractor's principal, Bernard F. Reilly, that the supplier installed as well as fabricated the staircase, was inadequate to raise an issue of fact. Since Mr. Reilly did not witness the installation, his allegation was not premised upon personal knowledge (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Ambriano v Town of Oyster Bay,* 266 AD2d 415, 417 [1999]).

Mr. Reilly also averred, with personal knowledge, that in order to preserve a first floor bathroom, Murphy interceded and altered the plans by relocating the staircase and the direction in which the adjacent door opened. A triable issue of fact therefore exists as to whether Murphy supervised and controlled construction of the staircase, and the Supreme Court properly denied his cross motion for summary judgment dismissing the complaint and cross claims insofar as asserted against him (*see Leeds v D.B.D. Servs.,* 309 AD2d 666 [2003]; *cf. Rokicki v 24 Hour Courier Serv.,* 294 AD2d 555 [2002]).

We note that the cross claim asserted by Murphy against the architect was not the subject of the architect's motion and therefore the cross claim survives.

The parties' remaining contentions are without merit or have been rendered academic. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.