■ STEPHEN ATANASOFF, Respondent, v ELMONT UNION FREE SCHOOL DISTRICT, Appellant. [795 NYS2d 726]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated May 5, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was injured when he fell attempting to climb through a locked gate located at the rear of the defendant's Gotham Avenue Elementary School property. The gates were fastened together with a chain attached to a metal pole. According to the plaintiff, as he stepped onto the pole's cement base and slid between the gates, he heard a "snapping" sound in his leg and fell to the ground. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint on the ground that there was a question of fact as to whether the defendant exercised reasonable care in maintaining the gate and fence in a safe condition. We reverse.

The defendant met its prima facie burden of establishing that the condition of the gate was open and obvious and not inherently dangerous (*see DiVietro v Gould Palisades Corp.,* 4 AD3d 324 [2004]; *Cupo v Karfunkel,* 1 AD3d 48 [2003]). The gate was chained closed to keep persons from entering the property and the plaintiff's testimony failed to identify the nature of the allegedly dangerous condition that caused his injury. By his own testimony, the plaintiff was aware of the condition of the gate because he visited and climbed through the gated area many times before (*see Jang Hee Lee v Sung Whun Oh,* 3 AD3d 473 [2004]; *see also Macey v Truman,* 70 NY2d 918 [1987]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Oberstein v Mayfair Super Mkts.,* 298 AD2d 446 [2002]; *see also Tagle v Jakob,* 97 NY2d 165 [2001]; *Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.