■ CHRISTINE MEAGHER-COX, Respondent, v DAVID WINARSKI et al., Appellants. [820 NYS2d 98]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Schack, J.), entered March 8, 2005, which, upon the denial of their motion for judgment as a matter of law, made at the close of evidence, and upon a jury verdict finding them 60% at fault and the plaintiff 40% at fault in the happening of the accident, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff tripped and fell over a 2½-to 3-inch "abrupt edge" between the matted playground located outside the Canarsie Childhood Center (hereinafter the Center) and the adjacent asphalt parking lot. The plaintiff was a special needs teacher at the Center and was exiting the playground while holding two students by the hand when she fell. She commenced this negligence action against the defendants, as owners of the premises, seeking to recover damages for her injuries.

At trial, the plaintiff testified that the condition of the matting on the playground existed for at least a year and five months prior to the accident. Further, she testified that she took her students into the playground five days a week during that time period. The defendant David Winarski testified that he did not receive any complaints about the playground area and did not notice any problems with the area when he visited the premises a couple of months before the plaintiff's accident.

The plaintiff was well aware of the height differential between the playground matting and the adjacent asphalt, as she entered and exited the playground with her students five days a

week. This, along with other evidence introduced at the trial, demonstrated that the condition was open and obvious, as it was readily observable by the reasonable use of one's senses (*see Gaines v Shell-Mar Foods, Inc.*, 21 AD3d 986, 987 [2005]; *Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473 [2004]). Further, the plaintiff did not have any accidents or problems with the matting before her accident, and there was no expert testimony demonstrating that the matting constituted a dangerous condition. Under these facts, the height differential was open and obvious and not inherently dangerous as a matter of law (*see Pirie v Krasinski*, 18 AD3d 848 [2005]; *Tenenbaum v Best 21 Ltd.*, 15 AD3d 646 [2005]; *Cupo v Karfunkel*, 1 AD3d 48, 51-52 [2003]). Accordingly, the Supreme Court should have granted the defendants' motion for judgment as a matter of law at the close of proof and dismissed the complaint.

The defendants' remaining contentions are either unpreserved for appellate review or academic in light of our determination. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.