EDITH LOMBARDI, Appellant, v SILK MILL CONDOMINIUMS, INC., et al., Respondents. [829 NYS2d 228]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), entered March 31, 2006, as granted those branches of the motion of the defendant John Curtis General Construction, and the separate motion of the defendants Silk Mill Condominiums, Inc., and Silk Mill Condominium Homeowners Association, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

In their motions for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the condition complained of was open and obvious and not inherently dangerous (*see Atanasoff v Elmont Union Free School Dist.*, 18 AD3d 678

[2005]). In support of their motions, the defendants submitted the plaintiff's deposition testimony wherein she testified that she was well aware of the condition which allegedly caused her to fall, having previously observed it and having traversed the subject area without incident very shortly before her accident (*see Meagher-Cox v Winarski*, 32 AD3d 379 [2006]; *Atanasoff v Elmont Union Free School Dist., supra*). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court correctly granted those branches of the motion of the defendant John Curtis General Construction and the separate motion of the defendants Silk Mill Condominiums, Inc., and Silk Mill Condominium Homeowners Association, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

The plaintiff's remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.