■ MANUEL DIAZ, Respondent, v WHITE PLAINS COAT & APRON CO., INC., Appellant. [850 NYS2d 507]—

In an action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Westchester County (Smith, J.), dated July 21, 2006, which, upon a jury verdict on the issue of liability, and upon the denial, inter alia, of that branch of its motion which was pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case, made at the close of the plaintiff's case, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, that branch of the defendant's motion which was pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case is granted, and the complaint is dismissed.

The plaintiff Manuel Diaz was employed as a laundry worker in a building owned by the defendant White Plains Coat & Apron Co., Inc. (hereinafter White Plains Coat), and alleged that he was employed by nonparty Highland Light and Steam Corporation (hereinafter Highland). White Plains Coat and Highland shared a number of officers. On June 19, 2002 the plaintiff climbed to the top of a laundry bin to push the clothing down, and was injured when he fell from the top of the bin. The instant action ensued against White Plains Coat.

At the close of the plaintiff's case, White Plains Coat moved to dismiss the complaint on the ground that the plaintiff had failed to prove his case predicated on premises liability. Alternatively, White Plains Coat sought leave to amend its answer to include a defense that the claim was barred by the Workers' Compensation Law. White Plains Coat argued that it and Highland constituted a joint venture but simultaneously maintained that White Plains Coat was not the plaintiff's employer. The court denied both branches of that motion. This appeal ensued.

The plaintiff contends that the jury verdict was not against the weight of the evidence because the proof demonstrated that the plaintiff was instructed to compress the laundry by jumping into the bin by his supervisors, who were White Plains Coat employees. However, at the time White Plains Coat moved to dismiss the complaint at the close of plaintiff's case, the contentions in the complaint and in the several revisions of the bill of

particulars only asserted a cause of action predicated on a theory of premises liability. The presentation of testimony endeavoring to establish yet another basis of liability predicated on negligent supervision of the plaintiff by White Plains Coat employees formed the basis for White Plains Coat's claim that it should be allowed to amend its answer to include the defense of the exclusivity of the Workers' Compensation Law because White Plains Coat was surprised by the plaintiff's abrupt change in its theory of the case and it had not prepared to defend against that theory of liability.

The Supreme Court erred in denying that branch of White Plains Coat's motion which was to dismiss the complaint. The record clearly shows that at the close of the plaintiff's case, the plaintiff had failed to prove the claim set forth in his pleadings. Accordingly, that branch of the motion which was to dismiss should have been granted and judgment awarded to White Plains Coat, as no facts were adduced at the conclusion of the plaintiff's case that would support the verdict against that entity, the property owner (*see Benitez v New York City Bd. of Educ.,* 73 NY2d 650 [1989]; *Ugijanin v 2 W. 45th St. Joint Venture,* 43 AD3d 911 [2007]; *Meagher-Cox v Winarski,* 32 AD3d 379 [2006]).

In view of the foregoing, we do not address the parties' remaining contentions. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.