■ CHRISTOPHER BRIGHT et al., Respondents, v VILLAGE OF GREAT NECK ESTATES, Defendant, and COUNTY OF NASSAU, Appellant. [863 NYS2d 752]—

In an action to recover damages for personal injuries, the defendant County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered February 21, 2007, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs allegedly sustained personal injuries when the limb of a tree fell onto the motor vehicle in which they were traveling, in the defendant Village of Great Neck Estates. Thereafter, the plaintiffs commenced this action, alleging, inter alia, that the accident and their resulting injuries were proximately caused by the negligence of the defendant County of Nassau in failing, among other things, to remove a dead and/or diseased tree. The County subsequently cross-moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds that the plaintiffs had not complied with the prior written notice requirement set forth in section 12-4.0 (e) of the Administrative Code of Nassau County and that it lacked both actual and constructive notice of the purported hazard. The County additionally sought to dismiss the complaint insofar as asserted by the plaintiff Lakeysha Agugbo on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court properly denied the County's cross motion.

Prior written notice statutes apply to "actual physical defects in the surface of a street, highway [or] bridge . . . of a kind which do not immediately come to the attention of the [town] officers unless they are given actual notice thereof" (*Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 366 [1966]; *see Fulgum v Town of Cortlandt*, 2 AD3d 775, 776 [2003]). Accordingly, the prior written notice requirement invoked by the County does not apply to the facts of this case. Furthermore, the County failed to establish a prima facie case that it lacked actual and constructive notice of the alleged hazard in this case (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Collado v Incorporated Town and/or Vil. of Freeport*, 6 AD3d 378, 379 [2004]). Lastly, the plaintiff Lakeysha Agugbo was not required to establish that she sustained a serious injury in the subject accident as she did not allege any negligence on the part of the County in the use or operation of a motor vehicle. Instead, the allegations against the County related to premises liability. Therefore the County does not qualify as a covered person within the meaning of Insurance Law § 5102 (j) and § 5104 (a). Spolzino, J.P., Fisher, Carni and Dickerson, JJ., concur.