◼ Margaret Richards, Respondent, v Guido Passarelli et al., Appellants-Respondents, Pier 1 Imports et al., Respondents, and EIP Leasing Services, Inc., Appellant. [910 NYS2d 500]—

In an action to recover damages for personal injuries, the defendants Guido Passarelli, Lucy Passarelli and Passarelli Family Partnership, L.P., a New York Limited Partnership, appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated July 8, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendant Calvanico Associates, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it and the cross claim asserted against it by Guido Passarelli, Lucy Passarelli, and Passarelli Family Partnership, L.P., a New York Limited Partnership, alleging that it failed to procure insurance, and the defendant, EIP Leasing Services, Inc., separately cross-appeals, as limited by its brief, from so much of the same order as denied its separate cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the cross motion of the defendant Calvanico Associates, Inc., which were for summary judgment dismissing the complaint insofar as asserted

against it and the cross claim asserted against it by Guido Passarelli, Lucy Passarelli, and Passarelli Family Partnership, L.P., a New York Limited Partnership, alleging that it failed to procure insurance, and substituting therefor provisions granting those branches of the cross motion, and (2) by deleting the provision thereof denying that branch of the separate cross motion of the defendant EIP Leasing Services, Inc., which was for summary judgment dismissing all cross claims for contractual and common-law indemnification insofar as asserted against it, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to Calvanico Associates, Inc., payable by the plaintiff and the defendants Guido Passarelli, Lucy Passarelli, and Passarelli Family Partnership, L.P., a New York Limited Partnership appearing separately and filing separate briefs, and one bill of costs to EIP Leasing Services, Inc., payable by the defendants Guido Passarelli, Lucy Passarelli, and Passarelli Family Partnership, L.P., a New York Limited Partnership, the defendant Pier 1 Imports, the defendant Arrow Line Striping Co., and the defendant Calvanico Associates, Inc.

The plaintiff was allegedly injured when she drove her vehicle off a curb and onto a sidewalk when attempting to exit the parking lot of a Pier 1 Imports store. The plaintiff testified at her deposition that she followed an arrow painted on the paved surface of the parking lot, which she believed was pointing toward an exit. She drove her vehicle over the curb wall onto the sidewalk below, a distance of approximately six inches. She testified that the edge of the parking lot was flush with the curb, and she could not see a ledge. There was no "curb reveal" or other painting, lighting, or signage indicating the presence of a curb. The plaintiff testified that there were no warning signs or markings to alert drivers to the height differential. The parking lot was owned by Guido Passarelli, Lucy Passarelli, and Passarelli Family Partnership, L.P., a New York Limited Partnership (hereinafter collectively the Passarelli defendants). The lot was designed in 1995 by Calvanico Associates, Inc. (hereinafter Calvanico). EIP Leasing Services, Inc. (hereinafter EIP), paved the lot in 1995, and then repaved it in 2003, adding approximately two inches of asphalt to the surface of the parking lot. Arrow Line Striping Co. (hereinafter Arrow) painted the lines, stripes, and arrows in the parking lot in 1995, and repainted the lot in 2003.

The Supreme Court did not err in denying the motion of the Passarelli defendants for summary judgment dismissing the

complaint insofar as asserted against them. The Passarelli defendants, as landowners, failed to make a prima facie showing that the alleged condition was open and obvious and not inherently dangerous (*see Matthews v Vlad Restoration Ltd.*, 74 AD3d 692 [2010]; *Atanasoff v Elmont Union Free School Dist.*, 18 AD3d 678 [2005]), or that if there were a dangerous condition, it neither created that condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673 [2007]; *Miguel v SJS Assoc., LLC*, 40 AD3d 942 [2007]).

The Supreme Court also did not err in denying the motion of EIP Leasing Services, Inc. (hereinafter EIP), for summary judgment dismissing the complaint insofar as asserted against it. EIP failed to establish its prima facie entitlement to judgment as a matter of law, as its submissions revealed issues of fact as to whether EIP, by adding a layer of asphalt to the floor of the parking lot while failing to mill the entire lot, created or exacerbated a dangerous condition, thereby launching a force or instrument of harm (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *Miller v Pike Co., Inc.*, 52 AD3d 1240 [2008]; *Keese v Imperial Gardens Assoc., LLC*, 36 AD3d 666 [2007]).

EIP's contention that the plaintiff was required to establish that she sustained a serious injury is without merit, as the plaintiff did not allege any negligence on the part of the defendants in the use or operation of a motor vehicle. Instead, the allegations against the defendants related to premises liability. Accordingly, none of the defendants was a "covered person" within the meaning of Insurance Law § 5102 (j) and § 5104 (a), and the "serious injury" threshold articulated in Insurance Law § 5102 (d) was, thus, inapplicable (*see Bright v Village of Great Neck Estates*, 54 AD3d 704, 705 [2008]).

However, EIP correctly contends that all cross claims asserted against it for both common-law and contractual indemnification should have been dismissed. There is no evidence that EIP had a contract with the Passarelli defendants, Pier 1 Imports, Calvanico, or Arrow that required EIP to indemnify any of them (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *Corley v Country Squire Apts., Inc.*, 32 AD3d 978 [2006]; *Keshavarz v Murphy*, 242 AD2d 680 [1997]). Furthermore, the liability of EIP's codefendants, if any, would be based on their actual wrongdoing, not on their vicarious liability for EIP's allegedly negligent conduct (*see Corley v Country Squire Apts., Inc.*, 32 AD3d 978 [2006]; *Keshavarz v Murphy*, 242 AD2d 680 [1997]), thus defeating all claims for common-law indemnification. Ac-

cordingly, the Supreme Court should have granted that branch of EIP's cross motion which was for summary judgment dismissing all cross claims for contractual and common-law indemnification insofar as asserted against it.

The Supreme Court also erred in denying that branch of Calvanico's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Calvanico established its prima facie entitlement to judgment as a matter of law by demonstrating that it was not negligent in the design of the subject parking lot. Calvanico's site plan provided for a six-inch "curb reveal" and detectable warning surfaces between the parking lot and the sidewalk. Calvanico's plan also included arrows showing the general direction of traffic flow. Calvanico established that it used the degree of care in design that a reasonably prudent architect would use to avoid an unreasonable risk of harm to anyone likely to be exposed to the danger (*see Cubito v Kreisberg*, 69 AD2d 738 [1979], *affd* 51 NY2d 900 [1980]; *Morris v Attia*, 7 Misc 3d 1001[A], 2005 NY Slip Op 50397[U] [2005]; *Hughes v City of New York*, 5 Misc 3d 1024[A], 2002 NY Slip Op 50724[U] [2002]).

To the extent that the "curb reveal" was eliminated during the repaving of the parking lot in 2003, that there were no warning markings to indicate to a driver that they were about to drive off the curb onto the sidewalk, and that the arrows were improperly placed, the lot was not constructed in accordance with Calvanico's plans. Therefore, any alleged negligent design by Calvanico was not a proximate cause of the plaintiff's accident (*see Carpenter v Murphy*, 4 AD3d 318 [2004]; *Merritt v Hooshang Constr.*, 216 AD2d 542 [1995]). Since there are no triable issues of fact as to whether Calvanico was negligent, the Supreme Court should have granted that branch of Calvanico's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

We note that the plaintiff did not oppose Calvanico's cross motion in the Supreme Court, and that the Passarelli defendants did not raise any arguments in opposition to Calvanico's cross appeal.

Furthermore, the Supreme Court erred in denying that branch of Calvanico's cross motion which was for summary judgment dismissing the Passarelli defendants' cross claim against it alleging that it failed to procure insurance. The contract between Calvanico and the Passarelli defendants did not require Calvanico to procure insurance naming the Passarelli defendants as additional insureds (*see Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d 1027 [2009]; *Bryde v*

*CVS Pharmacy*, 61 AD3d 907 [2009]). Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.