Elgahsh v City of New York (2022 NY Slip Op 03175)





Elgahsh v City of New York


2022 NY Slip Op 03175


Decided on May 12, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 12, 2022

Before: Gische, J.P., Scarpulla, Mendez, Shulman, Higgitt, JJ. 


Index No. 24547/14 Appeal No. 15927 Case No. 2021-03847 

[*1]Rasha Elgahsh et al., Plaintiffs-Respondents,
v
City of New York, et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants.
Bader & Yakaitis, New York (Darlene S. Miloski of counsel), for respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered April 8, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion for leave to reargue, and, upon reargument, adhered to its prior order denying defendants' motion for summary judgment, unanimously affirmed, without costs.
Plaintiff Rasha Elgahsh was allegedly injured when she was struck by a falling nail claw as she stood underneath the Castle Hill Avenue train station, owned by defendant The City of New York. At the time of the incident, the station was closed because of ongoing renovation work by an independent contractor.
Defendants failed to establish their prima facie entitlement to judgment as a matter of law, as the record presents matters appropriate for resolution by the trier of fact. Material issues of fact exist as to the extent, if any, of defendants' direction, supervision, or control of the independent contractor's work at the site when the accident occurred (see Leeds v D.B.D. Servs., 309 AD2d 666, 666-667 [1st Dept 2003]). There are also issues of fact as to whether defendants breached a nondelegable duty to maintain the premises in a reasonably safe condition, and whether the renovation work posed an inherent danger to pedestrians on the public sidewalk under the station (see Porteous v J-Tek Group, Inc., 125 AD3d 411, 412 [1st Dept 2015]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2022