*508 OPINION OF THE COURT
Per Curiam.
In this defamation action, plaintiff alleged that defendants maliciously made false statements about him during the course of meetings on church elections. Defendants moved to dismiss the complaint asserting the defense of qualified privilege and Supreme Court granted the motion.
 The Appellate Division incorrectly characterized Supreme Court’s ruling on defendants’ motion as a grant of summary judgment pursuant to CPLR 3212. Supreme Court’s order, however, dismissed the complaint for failure to state a cause of action (CPLR 3211 [a] [7]), noting that defendants’ preanswer motion sought dismissal "pursuant to CPLR 3211”. Indeed, in their arguments to Supreme Court and the Appellate Division, both parties treated the motion solely as one for dismissal for failure to state a cause of action. Thus, the Appellate Division could not properly convert defendants’ motion into a motion for summary judgment absent "adequate notice to the parties” (CPLR 3211 [c]) which, in this case, should have been expressly given by the court. Neither party had otherwise received "adequate notice” by expressly seeking summary judgment or submitting facts and arguments clearly indicating that they were "deliberately charting a summary judgment course”* (Four Seasons Hotels v Vinnik 127 AD2d 310, 320; cf., Monteferrante v New York City Fire Dept., 63 AD2d 576, affd for reasons stated below 47 NY2d 737). Nor did the parties indicate that the case involved a purely legal question rather than any issues of fact (Four Seasons Hotels v Vinnik, 127 AD2d, at 320, supra; Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:44, at 3 [1988 Supp Pamph]). Consequently, the court’s sua sponte treatment of the motion as one for summary judgment deprived plaintiff of the "opportunity to make an appropriate record” and thus thwarted the very purpose of CPLR 3211 (c) (Rovello v Orofino Realty Co., 40 NY2d 633, 635).
Moreover, "given their most favorable intendment” (Arrington v New York Times Co., 55 NY2d 433, 442), the allega *509 tions of plaintiffs complaint sufficiently state a cause of action for defamation. Notwithstanding defendants’ assertion of a qualified privilege in that the allegedly defamatory statements, made during church meetings, were "fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his own affairs, in a matter where his interest is concerned” (Lovell Co. v Houghton, 116 NY 520, 526), plaintiffs allegations that the statements were maliciously made, if proven, would overcome that defense (Loughry v Lincoln First Bank, 67 NY2d 369, 376; Toker v Pollak, 44 NY2d 211, 219; Shapiro v Health Ins. Plan, 7 NY2d 56, 60; Lovell Co. v Houghton, 116 NY, at 525, supra).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the defendants’ motion to dismiss the complaint denied.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order reversed, etc.

 [2] Contrary to the Second Department’s holding in Reed v Shoratlantic Dev. Co. (121 AD2d 525), we conclude that the unilateral actions of a party in seeking summary judgment on a CPLR 3211 (a) (7) motion cannot constitute "adequate notice” to the other party in compliance with the requirement of CPLR 3211 (c).