■ DEBORAH INTERNATIONAL BEAUTY, LTD., Appellant, and DEBORAH K. RICHMAN, Respondent, v QUALITY KING DISTRIBUTORS, INC., et al., Appellants, et al., Defendant. (Matter No. 1.) In the Matter of DEBORAH K. RICHMAN, Respondent. DEBORAH INTERNATIONAL BEAUTY, LTD., Appellant. (Matter No. 2.)—In related matters, inter alia, to recover damages for breach of a shareholders' agreement (Matter No. 1) and for a valuation pursuant to Business Corporation Law § 1118 (Matter No. 2), Deborah International Beauty, Ltd., Quality King Distributors, Inc., Bernard Nussdorf, Ruth Nussdorf, Steven Nussdorf, Glenn Nussdorf, Arlene Nussdorf, McKesson Fragrance Company, Inc., Foxmier Fragrance Company, and Jeffrey Oster, individually and as a partner in the firm of Margolin, Winner & Evans, CPAs, appeal (1) from an order of the Supreme Court, Nassau County (McCabe, J.), dated November 21, 1989, which denied the motion by the defendants-appellants for partial summary judgment dismissing the fifth, sixth, seventh and ninth causes asserted in Matter No. 1, (2) from so much of an order of the same court, dated January 12, 1990, as directed Deborah International Beauty, Ltd., a subchapter S Corporation, to issue a check to Deborah K. Richman payable

to the Internal Revenue Service for taxes owing on undistributed profits, and (3) from so much of an order of the same court dated January 25, 1990, as awarded Deborah K. Richman attorneys' fees on a motion to hold Deborah International Beauty, Ltd., in contempt for failing to comply with the January 12, 1990, order.

Ordered that the order dated November 21, 1989, is affirmed; and it is further,

Ordered that the orders dated January 12, 1990, and January 25, 1990, are affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court properly concluded that the terms of the shareholders' agreement upon which Deborah K. Richman's fifth, sixth, seventh and ninth causes of action in Action No. 1 are based are ambiguous. The relevant portions of the shareholders' agreement are subject to competing interpretations, thereby raising triable issues of fact as to the parties' intent and requiring the consideration of relevant extrinsic evidence (see, Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172; River Park Assocs. v Meyerbank Elec. Co., 116 AD2d 709, 710; see also, Lachs v Fidelity & Cas. Co., 306 NY 357, 365). The appellants' claims that Richman's conduct under the shareholders' agreement established a practical construction of the subject terms and estopped her from disputing the meaning of the agreement raise sharply contested issues of fact. Accordingly, summary judgment was properly denied.

The court properly granted Richman partial summary judgment when it ordered Deborah International Beauty, Ltd. to distribute sufficient funds to cover Richman's tax obligation for the "paper" profits. Richman alleged that the parties had agreed that such distributions would be made and that they had been made prior to the commencement of litigation. The appellants presented no contrary evidence. The claim by the corporation on appeal that it did not have adequate notice that the motion would be treated as one for summary judgment is belied by its opposition to the motion where it repeatedly stated that Richman's motion was, in effect, a motion for summary judgment (see, Franklin v Pee Dee Jay Amusement Co., 71 AD2d 866). Indeed, there can be little doubt that Richman and the corporation "submit[ed] facts and arguments clearly indicating that they were 'deliberately charting a summary judgment course' " (Mihlovan v Grozavu, 72 NY2d

506, 508, quoting *Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320).

Although the complaint did not directly address the claim for a distribution by the corporation to cover tax owing by shareholders on "paper" profits, summary judgment was properly awarded on the unpleaded cause of action for taxes owing on undistributed profits because the proof supported such a cause and the opposing party was not misled or prejudiced *(see, Rubenstein v Rosenthal,* 140 AD2d 156, 158; *see also, Johnson v Gaughan,* 128 AD2d 756). To the extent necessary, we deem that the pleadings are amended to conform with the proof *(see, Dampskibsselskabet Torm A/S v Thomas Paper Co.,* 26 AD2d 347, 352). The grant of partial summary judgment did not in any way involve the contested issue of the actual profitability of the corporation so as to constitute improper interim relief.

Finally, although the corporation ultimately obtained a stay of the January 12, 1990, order pursuant to CPLR 5519 (a) (2) pending appeal, we find that the Supreme Court did not improvidently exercise its discretion in awarding Richman attorneys' fees under 22 NYCRR 130 on her application to find the corporation in contempt based upon its initial failure to comply with the January 12, 1990, order *(see, Matter of Minister, Elders & Deacons of Prot. Dutch Church v 198 Broadway,* 76 NY2d 411).

We have considered the parties' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Ritter, JJ., concur.