■ GLENDORA, Appellant-Respondent, v JAMES A. KOFALT et al., Respondents-Appellants. [637 NYS2d 780] —In an action for injunctive relief and to recover damages, *inter alia,* for negligence, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Silverman, J.), dated July 28, 1994, as granted the branches of the defendants' motion which were to dismiss her causes of action to recover damages, and the defendants cross-appeal from so much of the same order as granted the branch of the plaintiff's cross motion which was for a "default judgment" on her first cause of action for an injunction directing the defendant, Cablevision, to cablecast the plaintiff's television program on its Long Island public access cable channel.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the branch of the plaintiff's cross motion which was for a default judgment on her first cause of action, and substituting therefor a provision denying that branch of the plaintiff's cross motion; as so modified, the order is affirmed, with costs to the respondents-appellants.

The plaintiff, Glendora, produces a weekly half-hour program

entitled "A Chat with Glendora" which she distributes to various cable systems in the New York metropolitan area for cable-casting on public access channels. On November 12, 1993, the defendants (hereinafter collectively Cablevision) cancelled the plaintiff's program. The plaintiff then commenced this suit against Cablevision seeking injunctive relief to compel the broadcast of her cable program on the ground that the cancellation of her program violated Executive Law § 829 (3). The plaintiff further asserted causes of action to recover damages based upon, *inter alia,* defamation, infliction of mental distress, negligence, and that Cablevision's acts denied the public access to information.

Cablevision responded by moving to dismiss the complaint pursuant to CPLR 3211 (a). The plaintiff in turn cross-moved, allegedly pursuant to CPLR 3211 (b), to deny Cablevision's motion on the ground that the answer failed to state a meritorious defense. On July 28, 1994, the Supreme Court issued a decision and order wherein it characterized the plaintiff's cross motion as a motion "for judgment on her complaint" and granted the "plaintiff's cross motion to compel the cablecasting of her program material", i.e., her first cause of action. The court dismissed the plaintiff's remaining causes of action in their entirety.

The Supreme Court erred in converting the plaintiff's CPLR 3211 (b) cross motion into a motion for summary judgment pursuant to CPLR 3211 (c) without any request by the parties, without notice to the parties, and without giving Cablevision an opportunity to make an appropriate record *(see,* CPLR 3211 [c]; *Mihlovan v Grozavu,* 72 NY2d 506, 508; *Sopesis Constr. v Solomon,* 199 AD2d 491, 492). While a court may treat a motion as one for summary judgment where the parties deliberately chart a summary judgment course *(see, Mihlovan v Grozavu, supra),* a reading of the plaintiff's complaint does not disclose that her cause of action for injunctive relief was based solely on a purely legal question rather than issues of fact. Rather, Cablevision raised an issue concerning whether they had "made available" cable access to the plaintiff. Specifically, Cablevision sought to submit franchise agreements with the municipalities they serve which indicate that the cable access channels were provided for "the public within" their service area and that Executive Law § 829 (3) does not therefore apply in the present case. In light of the court's failure to review pertinent evidence and because the parties clearly had not indicated they were deliberately charting a course for summary judgment, the matter is remitted for further proceedings

in accordance herewith *(see, Deborah Intl. Beauty v Quality King Distribs.,* 175 AD2d 791, 792-793).

The Supreme Court properly dismissed the plaintiff's remaining causes of action since the allegations in the complaint do not state causes of action. Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur. *[See,* 162 Misc 2d 166.]