■ AETNA CASUALTY AND SURETY COMPANY, Plaintiff, v DOR-
OTHY MCCARTHY, Doing Business as DOROTHY MCCARTHY
SPECIAL II, Appellant, and ARTHUR HAWKINS, Respondent, et
al., Defendants. [666 NYS2d 432] —Judgment, Supreme Court,
New York County (Herman Cahn, J.), entered April 16, 1997,
awarding defendant Hawkins damages on his cross claim
against defendant Dorothy McCarthy, doing business as Doro-
thy McCarthy Special II (DMCII), unanimously modified, on
the law and the facts, to provide that it is against the entity
DMCII, rather than the individual Dorothy McCarthy, and
otherwise affirmed, without costs. Appeal from order, same
court and Justice, entered October 3, 1996, unanimously
dismissed, without costs, as superseded by the appeal from the
judgment.

Since Hawkins' cross claim did not demand an answer, its
allegations are to be deemed denied or avoided (CPLR 3011),
and, accordingly, the granting of Hawkins' motion for sum-
mary judgment on his cross claim was not premature simply

because a formal answer thereto was never interposed. On the merits, the motion court properly determined that DMCII was bound by Stipulation No. 3, as amended by Stipulation No. 4, because its agent signed Stipulation No. 4, which amended and expressly referred to the portion of Stipulation No. 3 that obligated DMCII to pay Hawkins in three separate installments (*see, Di Guglielmo v Peixoto*, 134 AD2d 320; *Liberty Mgt. & Constr. v Fifth Ave. & Sixty-Sixth St. Corp.*, 208 AD2d 73; *see also, Fox Co. v Kaufman Org.*, 74 NY2d 136, 140-141). Appellant's argument concerning its agent's limited intent and purpose in signing Stipulation No. 4 is unavailing (*see, Fairchild Publs. Div. v Rosston, Kremer & Slawter*, 154 Misc 2d 27), and its claim of an oral waiver by Hawkins lacks the support of first-hand evidentiary details (*see, Fink, Weinberger, Fredman, Berman & Lowell v Petrides*, 80 AD2d 781, 782, *appeal dismissed* 53 NY2d 1028). We decline to address appellant's remaining claims since they are improperly raised for the first time on appeal. However, we amend the judgment so as to clarify that DMCII as an entity, and not Dorothy McCarthy individually, is the party liable, there being no substantial rights of other parties affected by such an amendment (CPLR 5019 [a]; *see, Poughkeepsie Sav. Bank v Maplewood Land Dev. Co.*, 210 AD2d 606). Concur—Sullivan, J. P., Rosenberger, Andrias and Colabella, JJ.