■ MICHAEL J. GLANZER et al., Respondents, v MICHAEL ALTMAN et al., Appellants. [699 NYS2d 386] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about March 30, 1999, which, in an action by plaintiff sellers to recover a down payment on the sale of a cooperative apartment held in escrow by defendant buyers' attorney, granted plaintiffs' motion for summary judgment, unanimously affirmed, without costs.

Plaintiffs' preanswer motion for summary judgment was properly entertained by the IAS Court without giving CPLR 3212 notice, the parties' submissions clearly indicating that the case involved only a question of law fully appreciated and briefed on the motion (see, *Mihlovan v Grozavu*, 72 NY2d 506, 508), namely, whether the contract provision requiring defendants to submit their application for Board approval within 10 days of contract execution was untenable. This issue was properly decided in favor of plaintiffs, the plain terms of the contract requiring a timely submission of the Board package regardless of whether defendants had previously obtained a commitment letter or gained access to the cooperative's documents. A different interpretation of defendants' obligation in this respect is not required by the fact that the contract did not make time of the essence. Defendants' failure to submit the Board package within the allotted 10 days was a breach of contract entitling plaintiffs to the liquidated damages stipulated in the contract for a breach by defendants. Also constituting a material breach, as the IAS Court held, was defendants' misrepresentation of their bankruptcy status. Concur—Rosenberger, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.