■ In the Matter of ALLEN H. WEISS et al., Appellants, v NORTH SHORE TOWERS APARTMENTS INCORPORATED et al., Respondents. [751 NYS2d 868] —In a proceeding pursuant to Business Corporation Law § 619 to set aside the election of the board of directors of the North Shore Towers Apartments, Inc., the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Queens County (LaTorella, J.), dated December 14, 2001, which denied the petition, in effect, converted the respondent's motion to dismiss the petition for failure to state a cause of action under Business Law § 619 into a motion for summary judgment, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, and the petition is reinstated.

The Supreme Court, in effect, converted the motion to dismiss the petition for failure to state a cause of action into a motion for summary judgment without providing CPLR 3211 (c) notice to the parties. However, none of the recognized exceptions to the notice requirement is applicable here. A specific request for summary judgment had not been made by any party, the parties have not revealed their proof and clearly charted a summary judgment course, and the action does not exclusively involve issues of law which have been fully appreciated and argued by the parties (*see* CPLR 3211 [c]; *Mihlovan v Grozavu,* 72 NY2d 506). Therefore, the Supreme Court's disposition of the case was premature.

In any event, the facts alleged in the petition and the evidentiary submissions could withstand a motion to dismiss or for summary judgment (*see Matter of Donovan v Patrolmen's Benevolent Assn. of City of N.Y.,* 274 App Div 1049; *Matter of Faraldo v Standardbred Owners Assn.,* 63 AD2d 1010). Feuerstein, J.P., Smith, O'Brien and Goldstein, JJ., concur.