■ 9394 LLC et al., Appellants, v JOHN T. FARRIS, JR., et al., Respondents. [757 NYS2d 802] —In an action, inter alia, to enjoin the defendants from using certain premises "in any capacity in furtherance of their various businesses and trades," the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 7, 2002, which, in effect, converted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action into a motion for summary judgment, and granted summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The Supreme Court, in effect, converted the defendants' motion to dismiss the complaint for failure to state a cause of action into a motion for summary judgment without providing

notice to the parties as set forth in CPLR 3211 (c) (*see Rovello v Orofino Realty Co.,* 40 NY2d 633, 634 [1976]). However, none of the recognized exceptions to the notice requirement is applicable here. "A specific request for summary judgment had not been made by any party, the parties have not revealed their proof and clearly charted a summary judgment course, and the action does not exclusively involve issues of law which have been fully appreciated and argued by the parties" (*Matter of Weiss v North Shore Towers Apts.,* 300 AD2d 596 [2002]; *see* CPLR 3211 [c]; *Mihlovan v Grozavu,* 72 NY2d 506 [1988]). Therefore, the Supreme Court's disposition of the case was premature.

Based upon the facts alleged, the complaint is legally sufficient to withstand a motion to dismiss for failure to state a cause of action (*see Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318 [1995]). Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.