■ DEVORAH SHABTAI, Appellant, v CITY OF NEW YORK et al., Respondents. [764 NYS2d 830] —In an action, inter alia, to recover damages for fraud and conspiracy, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County, (Hutcherson, J.), dated July 30, 2002, as, after granting the separate motions of the defendants (1) City of New York and Welfare Fraud Department, (2) Eric Levande, Esther Levande, Paul Levande, Janice Zarad, Simon Zarad, Darcy Greenberg, and Jonathon Greenberg, (3) Michael Fine, Abraham Herman, Samuel Sandhaus, Yehuda Itkin, Yaakov Fensterhein, Barry Kurtzer, Abraham Turin, N.Z. Leiter, and the Jewish Community Center of Scranton, (4) Leo Kimmel, (5) Phillip Skittone, (6) David Laniado, (7) Legal Aid for New York City, Nancy Erickson, and Steven Bernstein, (8) Community Medical Center and Carol Bell Hehman, and (9) Ali Nourian, sued herein as Ali Nouriani and Mohammed A. Rahman, sued herein as Dr. Rahman to dismiss the complaint pursuant to CPLR 3211 insofar as asserted against them,

converted those motions to motions for summary judgment, and granted summary judgment to the movants dismissing the complaint insofar as asserted against them and, sua sponte, dismissed the complaint insofar as asserted against the defendants Scranton Police Department, Jewish Family Services of Lackawanna County, Don Minkoff, Chester Harhut, and Robert G. Russell for lack of in personam jurisdiction.

Ordered that the appeal from so much of the order as, sua sponte, dismissed the complaint insofar as asserted against the defendants Scranton Police Department, Jewish Family Services of Lackawanna County, Don Minkoff, Chester Harhut, and Robert G. Russell for lack of in personam jurisdiction is dismissed, without costs or disbursements, as no appeal lies as of right from an order entered sua sponte, and we decline to grant leave to appeal from that portion of the order (see CPLR 5701 [a] [2]; [c]); and it is further;

Ordered that the order is reversed insofar as reviewed, without costs or disbursements, and the provisions thereof converting the motions to dismiss to motions for summary judgment and granting summary judgment are vacated.

The court converted the motions by various defendants to dismiss the complaint pursuant to CPLR 3211 into motions for summary judgment without providing notice to the parties as set forth in CPLR 3211 (c) (see Rovello v Orofino Realty Co., 40 NY2d 633, 634 [1976]). However, none of the recognized exceptions to the notice requirement are applicable here. "A specific request for summary judgment had not been made by any party, the parties have not revealed their proof and clearly charted a summary judgment course, and the action does not exclusively involve issues of law which have been fully appreciated and argued by the parties" (Matter of Weiss v North Shore Towers Apts., 300 AD2d 596 [2002]; see CPLR 3211 [c]; Mihlovan v Grozavu, 72 NY2d 506 [1988]). Therefore, the Supreme Court improperly converted the motions to dismiss the complaint to motions for summary judgment. We note that before improperly converting the motions, the Supreme Court dismissed the complaint as asserted against those defendants upon the arguments raised in their motions. Those determinations need not be disturbed, as the plaintiff failed to appeal from those portions of the order.

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.