■ PETER MOUTAFIS, Respondent, v WILLIAM OSBORNE, Appellant. [795 NYS2d 716]—

In an action to recover a down payment on a contract for the sale of real property, the defendant appeals from (1) an order of

the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 5, 2004, which converted his motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) into one for summary judgment, and, upon searching the record, granted summary judgment to the plaintiff, and (2) a judgment of the same court entered October 15, 2004, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $200,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the motion to dismiss the complaint is denied, the order dated August 5, 2004, is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court erred in converting the defendant's motion to dismiss the complaint, pursuant to CPLR 3211 (a) (5) into one for summary judgment without providing notice to the parties as set forth in CPLR 3211 (c) (*see Rovello v Orofino Realty Co.,* 40 NY2d 633 [1976]). None of the recognized exceptions to the notice requirement is applicable here. No specific request for summary judgment was made by any party, the parties did not deliberately chart a summary judgment course, and the action did not only exclusively involve issues of law which were fully appreciated and argued by the parties (*see Mihlovan v Grozavu,* 72 NY2d 506, 508 [1988]; *Shabtai v City of New York,* 308 AD2d 532, 533 [2003]; *Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320 [1987]). Accordingly, since the motion was improperly converted into one for summary judgment, the Supreme Court should not have searched the record and awarded summary judgment to the plaintiff.

However, contrary to the defendant's contention, the Supreme Court properly concluded that the plaintiff's action for the return of his down payment was not barred under the doctrine of res judicata as a result of the prior proceeding in which the buyer sought specific performance of the real estate contract at issue (*see Sclafani v Story Book Homes,* 294 AD2d 559 [2002]; *Schubel v Bernarr Macfadden Found.,* 4 AD2d 686 [1957]). Therefore, the motion to dismiss the complaint should have been denied.

In light of our determination, it is unnecessary to reach the defendant's remaining contentions. Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.