■ EDUARD LEVIN, Respondent, v ROMAN ISAYEU et al., Defendants, and SERGEY SIRIK, Appellant. [810 NYS2d 661]—

In an action, inter alia, to recover damages for personal injuries, the defendant Sergey Sirik appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated December 17, 2004, which denied his cross motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the cross motion is granted, the amended complaint is dismissed insofar as asserted against the defendant Sergey Sirik, and the action against the remaining defendants is severed.

In opposition to the cross motion of the defendant Sergey Sirik pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him, the plaintiff argued that the amended complaint set out causes of action against that defendant based on a theory of piercing the corporate veil (*see generally Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.*, 15 AD3d 528 [2005]; *Old Republic Natl. Tit. Ins. Co. v Moskowitz*, 297 AD2d 724 [2002]). Though a corporate officer may be held liable upon such theory for the tortious conduct of the corporation, here the amended complaint contains neither reference to such a predicate nor to the "complete domination" (*Brito v DILP Corp.*, 282 AD2d 320 [2001]) of the corporate defendants by Sirik necessary to sustain personal liability against Sirik.

Accepting the facts as alleged in the amended complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83 [1994]), the amended complaint fails to state a cause of action against the defendant Sirik (*see* CPLR 3211 [a] [7]). The plaintiff's al-

legations regarding Sirik's conduct were impermissibly vague and conclusory (*see Stoianoff v Gahona*, 248 AD2d 525 [1998], *cert denied sub nom. Stoianoff v New York Times*, 525 US 953 [1998]).

We have not considered the argument advanced by the plaintiff for the first time on appeal that Sirik may be liable personally for his active participation in the alleged wrong (*see e.g. Rothstein v Equity Ventures*, 299 AD2d 472 [2002]; *Widlitz v Scher*, 148 AD2d 530 [1989]).

Therefore, the Supreme Court improperly denied Sirik's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him. Schmidt, J.P., Santucci, Mastro and Lifson, JJ., concur.