■ CRAIG BOWES et al., Appellants, v DORIS HEALY, Respondent. [833 NYS2d 400]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winslow, J.), entered February 9, 2006, which, upon converting the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, their causes of action to recover damages for personal injuries into one for summary judgment dismissing those causes of action, granted the motion for summary judgment dismissing the plaintiffs' causes of action to recover damages for personal injuries.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendants' motion is denied.

The defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the plaintiffs' causes of action to recover damages for personal injuries was untimely because it was not made before service of her responsive pleading was required (*see* CPLR 3211 [e]; *Diaz v DiGiulio*, 29 AD3d 623 [2006]). Furthermore, although the Supreme Court was authorized to treat the motion as one for summary judgment upon "adequate notice to the parties" (CPLR 3211 [c]), no such notice was given, and none of the recognized exceptions to the notice requirement are applicable here (*see Mihlovan v Grozavu*, 72 NY2d 506 [1988]). Neither party made a specific request for summary judgment, and the record does not establish that they deliberately charted a summary judgment course (*see Mihlovan v Grozavu, supra*; *Moutafis v Osborne*, 18 AD3d 723 [2005]; *Sta-*

*Brite Servs., Inc. v Sutton*, 17 AD3d 570 [2005]). Moreover, the motion was not one which exclusively involved "a purely legal question rather than any issues of fact" (*Mihlovan v Grozavu, supra* at 508; *Moutafis v Osborne, supra*). Under these circumstances, the Supreme Court erred in treating the defendant's motion as one for summary judgment without providing notice. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.