■ NEUROLOGICAL SERVICES OF QUEENS, P.C., Respondent, v FARMINGVILLE FAMILY MEDICAL CARE, PLLC, et al., Defendants, and VASILIKI KADIANAKIS, Also Known as KIKI KADIANAKIS, Appellant. [879 NYS2d 731]—In an action, inter alia, to recover dam-

ages for breach of contract, the defendant Vasiliki Kadianakis, D.O., also known as Kiki Kadianakis, D.O., appeals from an order of the Supreme Court, Queens County (Flaherty, J.), dated June 5, 2008, which converted her motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her into one for summary judgment, and thereupon denied the motion.

Ordered that the order is reversed, on the law, with costs, and the motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the appellant is granted.

The Supreme Court erred in converting the motion of the defendant Vasiliki Kadianakis, D.O., also known as Kiki Kadianakis, D.O., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her into one for summary judgment without providing notice to the parties as set forth in CPLR 3211 (c) (*see Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]; *Bowes v Healy*, 40 AD3d 566 [2007]; *Moutafis v Osborne*, 18 AD3d 723 [2005]). None of the recognized exceptions to the notice requirement is applicable here (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *Bowes v Healy*, 40 AD3d at 566; *Moutafis v Osborne*, 18 AD3d at 723; *Shabtai v City of New York*, 308 AD2d 532, 533 [2003]). Thus, this Court will apply the standards applicable to a motion to dismiss pursuant to CPLR 3211.

Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83 [1994]), the complaint fails to state a cause of action against the defendant Kadianakis (*see* CPLR 3211 [a] [7]). The complaint fails to set forth any allegations which, if true, would justify piercing the corporate veil and holding Kadianakis personally liable in her individual capacity (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *Millennium Constr., LLC v Loupolover*, 44 AD3d 1016, 1016 [2007]; *Matter of Goldman v Chapman*, 44 AD3d 938, 939 [2007]; *Levin v Isayeu*, 27 AD3d 425 [2006]; *Hyland Meat Co. v Tsagarakis*, 202 AD2d 552 [1994]; *cf. Pellarin v Moon Bay Dev. Corp.*, 29 AD3d 553 [2006]). Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.