In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated August 30, 2010, as granted that branch of the motion of the defendant Howard L. Zimmerman Architect, EC., which was for summary judgment dismissing the complaint insofar as asserted against it, (2) the defendant Rochdale Village, Inc., the defendant Arcadia Architectural Froducts, Inc., and the defendants Werfel & Associates Architects, EC., Lawrence Werfel & Associates, and Lawrence Werfel separately appeal, as limited by their respective briefs, from so much of the same order as granted those branches of the motion of the defendant Howard L. Zimmerman Architect, EC., which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (3) the defendant Howard L. Zimmerman Architect, EC., cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment on its cross claim for contractual indemnification against the defendant Rochdale Village, Inc.
Ordered that the appeal by the defendant Rochdale Village, *1015 Inc., the defendant Arcadia Architectural Products, Inc., and the defendants Werfel & Associates Architects, PC., Lawrence Werfel & Associates, and Lawrence Werfel from so much of the order as granted that branch of the motion of the defendant Howard L. Zimmerman Architect, EC., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Howard L. Zimmerman Architect, EC., which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion as premature, (2) by deleting the provision thereof granting that branch of the motion of the defendant Howard L. Zimmerman Architect, EC., which was for summary judgment dismissing the cross claims for contribution insofar as asserted against it, and substituting therefor a provision denying that branch of the motion, and (3) by adding a provision thereto denying that branch of the motion of the defendant Howard L. Zimmerman Architect, EC., which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it; as so modified, the order is affirmed insofar as reviewed on the appeals and insofar as cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendant Rochdale Village, Inc., the defendant Arcadia Architectural Products, Inc., and the defendants Werfel & Associates Architects, EC., Lawrence Werfel & Associates, and Lawrence Werfel, appearing separately and filing separate briefs, payable by the defendant Howard L. Zimmerman Architect, EC., and one bill of costs is awarded to the plaintiff, payable by the defendant Rochdale Village, Inc., the defendant Arcadia Architectural Products, Inc., and the defendants Werfel & Associates Architects, EC., Lawrence Werfel & Associates, and Lawrence Werfel, appearing separately and filing separate briefs.
The plaintiff allegedly sustained injuries when she tripped and fell on a metal bar at the threshold of a sliding glass door leading to the terrace of her apartment. The owner of the building, the defendant Rochdale Village, Inc. (hereinafter Rochdale), had hired the defendant Howard L. Zimmerman Architect, EC. (hereinafter Zimmerman), an architectural firm, to prepare construction documents for the project during which the subject door was installed. The plaintiff commenced this action against, *1016 among others, Rochdale and Zimmerman, as well as the defendant Arcadia Architectural Products, Inc. (hereinafter Arcadia), the manufacturer of the subject door, and the defendants Werfel & Associates Architects, EC., Lawrence Werfel & Associates, and Lawrence Werfel (hereinafter collectively Werfel), which provided architectural services during the project.
Prior to answering the complaint, Zimmerman moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7), or in the alternative, pursuant to CPLR 3212, to dismiss the complaint and all cross claims insofar as asserted against it. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint and all cross claims. In addition, it denied that branch of Zimmerman’s motion which was for summary judgment on its cross claim for contractual indemnification against Rochdale. We modify.
Although the Supreme Court was authorized to treat that branch of Zimmerman’s pre-answer motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it as one for summary judgment upon “adequate notice to the parties” (CPLR 3211 [c]), no such notice was given, and none of the exceptions to the notice requirement is applicable (see Mihlovan v Grozavu, 72 NY2d 506 [1988]; Bowes v Healy, 40 AD3d 566, 566-567 [2007]). Contrary to Zimmerman’s contention, “the unilateral actions of a party in seeking summary judgment on a CPLR 3211 (a) (7) motion cannot constitute ‘adequate notice’ to the other party in compliance with the requirement of CPLR 3211 (c)” (Mihlovan v Grozavu, 72 NY2d at 508 n; see Wiesen v New York Univ., 304 AD2d 459, 460 [2003]). Moreover, the motion did not exclusively involve “a purely legal question rather than any issues of fact” (Mihlovan v Grozavu, 72 NY2d at 508; see Bowes v Healy, 40 AD3d at 567), and the record does not establish that the plaintiff was “laying bare [her] proof and deliberately charting a summary judgment course” (Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1987]; cf. McNamee Constr. Corp. v City of New Rochelle, 29 AD3d 544, 545 [2006]). Thus, that branch of Zimmerman’s motion which was for summary judgment dismissing the complaint insofar as asserted against it must be denied as premature (see City of Rochester v Chiarella, 65 NY2d 92, 101-102 [1985]), and this Court will apply the standards applicable to a motion to dismiss pursuant to CPLR 3211 (a) in determining whether Zimmerman was entitled to dismissal of the complaint insofar as asserted against it (see Bokara Rug Co., Inc. v Kapoor, 93 AD3d 583 [2012]; Velez v Captain Luna's Mar., 74 AD3d 1191, 1191-1192 [2010]).
*1017 “A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law” (Integrated Constr. Servs., Inc. v Scottsdale Ins. Co., 82 AD3d 1160, 1162-1163 [2011]; see Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996 [2010]). Although the parties’ contracts qualify as “documentary evidence” within the intendment of CPLR 3211 (a) (1), Zimmerman’s remaining submissions, which included affidavits, letters, and deposition testimony, do not (see Granada Condominium III Assn. v Palomino, 78 AD3d at 996; Fontanetta v John Doe 1, 73 AD3d 78, 84-86 [2010]; Suchmacher v Manana Grocery, 73 AD3d 1017, 1017 [2010]). In any event, to the extent that the evidence constituted “documentary evidence,” such evidence failed to utterly refute the plaintiffs allegation that Zimmerman negligently designed the subject doorway threshold and did not conclusively establish a defense as a matter of law (see Granada Condominium III Assn. v Palomino, 78 AD3d at 997).
When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), “the standard is whether the pleading states a cause of action,” and, in considering such a motion, “the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). When the moving party submits evidentiary material in support of his or her motion, “the criterion then becomes ‘whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one’ ” (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). However, “a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied ‘unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it’ ” (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d at 275). Here, dismissal pursuant to CPLR 3211 (a) (7) was not warranted, since Zimmerman’s evidentiary materials did not establish that a material fact alleged in the complaint “was, undisputedly, ‘not a fact at all’ ” (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Ascani v El Du Pont De Nemours & Co., 85 AD3d 830, 830 [2011]). Accordingly, those branches of Zimmerman’s motion which were pursuant to CPLR 3211 (a) (1) and (7) to *1018 dismiss the complaint insofar as asserted against it must be denied.
Contrary to Rochdale’s contention, those branches of Zimmerman’s motion which were for summary judgment dismissing the cross claims insofar as asserted against it, and for summary judgment on its cross claim for contractual indemnification against Rochdale, were “not premature simply because a formal answer thereto was never interposed,” as the cross claims did not demand an answer (Aetna Cas. & Sur. Co. v McCarthy, 246 AD2d 406, 406-407 [1998]; see CPLR 3011).
The Supreme Court improperly granted that branch of Zimmerman’s motion which was for summary judgment dismissing the cross claims of Rochdale, Arcadia, and Werfel seeking contribution from Zimmerman. Contrary to Zimmerman’s contention, it failed to eliminate all triable issues of fact as to whether it negligently designed the doorway threshold upon which the plaintiff tripped (see Torres v W.J. Woodward Constr., Inc., 32 AD3d 847, 848 [2006]; see generally Cubito v Kreisberg, 69 AD2d 738, 744-745 [1979], affd 51 NY2d 900 [1980]; cf. Gonzalez v Clay, 83 AD3d 999, 999 [2011]). Since Zimmerman failed to meet its prima facie burden, it is unnecessary to consider whether the opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
However, the Supreme Court properly granted those branches of Zimmerman’s motion which were for summary judgment dismissing the cross claims asserted against it seeking common-law and contractual indemnification and sounding in breach of contract for failure to procure insurance, breach of warranty, and strict products liability. Zimmerman established its prima facie entitlement to judgment as a matter of law dismissing the cross claims asserted against it seeking contractual indemnification and sounding in breach of contract for failure to procure insurance by demonstrating that it did not have a contractual relationship with Arcadia, and that its contract with Rochdale did not require it to indemnify Rochdale or to procure insurance naming Rochdale as an additional insured (see Galvin Bros., Inc. v Town of Babylon, N.Y., 91 AD3d 715, 716 [2012]; Richards v Passarelli, 77 AD3d 905, 908-910 [2010]). Zimmerman also established its prima facie entitlement to judgment as a matter of law dismissing the cross claims asserted against it sounding in breach of warranty and strict products liability by demonstrating that the contract between Rochdale and Zimmerman was for the performance of services (see Mallards Dairy, LLC v E&M Engrs. & Surveyors, P.C., 71 AD3d 1415, *1019 1417 [2010]; Trustees of Columbia Univ. in City of N.Y. v Gwathmey Siegel & Assoc. Architects, 192 AD2d 151, 155 [1993]). Furthermore, the liability of Zimmerman’s codefendants, “if any, would be based on their actual wrongdoing, not their vicarious liability for [Zimmerman]’s allegedly negligent conduct, thus defeating all claims for common-law indemnification” (Richards v Passarelli, 77 AD3d at 908 [citations omitted]; see Corley v Country Squire Apts., Inc., 32 AD3d 978, 979 [2006]). In opposition to Zimmerman’s prima facie showing, Rochdale, Arcadia, and Werfel failed to raise a triable issue of fact.
Contrary to Zimmerman’s contention, it was not entitled to summary judgment on its cross claim for contractual indemnification against Rochdale. Zimmerman improperly asserted the cross claim in a separate pleading prior to answering the complaint (see CPLR 3011). In any event, summary judgment on the cross claim would have been premature, since Zimmerman failed to establish, as a matter of law, that the plaintiff’s claim did not result from Zimmerman’s negligence in the performance of its services, as required by the “third-party claim” indemnification clause of its contract with Rochdale (see Bryde v CVS Pharmacy, 61 AD3d 907, 908 [2009]; cf. Pritchard v Sub-urban Carting Corp., 90 AD3d 729, 731 [2011]). Accordingly, that branch of Zimmerman’s motion which was for summary judgment on its contractual indemnification cross claim against Rochdale was properly denied.
The parties’ remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit. Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.