SUNSET CAFÉ, INC., Appellant, v METT'S SURF & SPORTS CORP. et al., Respondents. [959 NYS2d 700]—

In an action, inter alia, to, in effect, recover damages for wrongful ejectment pursuant to RPAPL 853, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated December 20, 2011, which converted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint into one for summary judgment, and thereupon granted the motion.

Ordered that the order is modified, on the law, by deleting the provision thereof converting the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint into a motion for summary judgment dismissing the complaint, and thereupon granting the motion, and substituting therefor a provision granting the motion pursuant to CPLR 3211 (a) to dismiss the complaint; as so modified, the order is affirmed, with costs to the defendants.

In June 2008, the plaintiff and its principal, Carrie Coakley, entered into a lease with 49 Sunset Co., Inc. The lease provided, inter alia, that 49 Sunset Co., Inc., as the landlord, would lease to the plaintiff and Coakley, as the tenants, the building and parking lot located at 49 Sunset Avenue in Westhampton Beach (hereinafter the subject premises). In 2009, the plaintiff, Coakley, 49 Sunset Co., Inc., and others were named as defendants in a commercial mortgage foreclosure action involving the subject property in the Supreme Court, Suffolk County. On February 26, 2009, in the foreclosure action, the Supreme Court appointed a receiver and, inter alia, authorized him to rent or lease out the subject premises.

On March 5, 2010, the receiver entered into an agreement leasing the subject premises to the defendant Shawn Mett for a term of one year. In July 2010, the plaintiff commenced this action against Mett and Mett's Surf & Sports Corp. alleging, inter alia, in effect, that the plaintiff had been wrongfully ejected from the subject premises. In October 2010, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a). The Supreme Court converted the motion into one for summary judgment dismissing the complaint, and thereupon granted the motion. The plaintiff appeals.

On this record, the Supreme Court erred in converting the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint into one for summary judgment without providing "adequate notice to the parties" (CPLR 3211 [c]). Moreover, none of the recognized exceptions to the notice requirement is applicable (see *Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *Barretti v Detore*, 95 AD3d 803, 806 [2012]; *Vecere v Estate of Arnold Berle*, 91 AD3d 637, 637-638 [2012]; *Neurological Servs. of Queens, P.C. v Farmingville Family Med. Care, PLLC*, 63 AD3d 703, 704 [2009]). Therefore, with respect to the defendants' motion, this Court will apply the standards governing a motion to dismiss a complaint pursuant to CPLR 3211 (see *Velez v Captain Luna's Mar.*, 74 AD3d 1191 [2010]). Applying those standards, we conclude that the Supreme Court should have granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) on the ground that documentary evidence establishes an absolute defense to the first and third causes of action (see CPLR 3211 [a] [1]), and the second cause of action does not state a legally cognizable claim for relief (see CPLR 3211 [a] [7]).

Pursuant to CPLR 3211 (a) (1), a defendant may move to dismiss a cause of action on the ground that "a defense is founded upon documentary evidence" (CPLR 3211 [a] [1]). A

motion to dismiss a complaint based upon CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes [a] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). "In order for evidence to qualify as 'documentary,' it must be unambiguous, authentic and undeniable" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996-997 [2010]). A valid lease qualifies as documentary evidence within the intendment of CPLR 3211 (a) (1) (*see Midorimatsu, Inc. v Hui Fat Co.*, 99 AD3d 680, 682 [2012]).

RPAPL 853 provides that: "[i]f a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrong-doer."

Here, the lease entered into between the defendants and the court-appointed receiver in the mortgage foreclosure action constitutes documentary evidence establishing a defense as a matter of law to the first cause of action, which was asserted under RPAPL 853. This evidence established that the defendants entered into possession of the premises under color of a duly executed lease, and, thus, did not eject the plaintiffs from the premises, or withhold possession of the premises from the plaintiffs, through "unlawful means," as required by the statute. Similarly, the documentary evidence established that the third cause of action, which alleges trespass, is not viable. " 'Trespass is an intentional entry onto the land of another without justification or permission' " (*Carlson v Zimmerman*, 63 AD3d 772, 773 [2009], quoting *Woodhull v Town of Riverhead*, 46 AD3d 802, 804 [2007]). Here, the defendants were justified in entering into possession of the subject premises, since, as noted, they did so under color of a duly executed lease. While the second cause of action alleges the loss of property resulting from the alleged wrongful ejectment, it does not constitute a cognizable cause of action, but merely seeks damages as an element of the statutory claim under RPAPL 853 (*see Mayes v UVI Holdings*, 280 AD2d 153, 161 [2001]).

The plaintiff's remaining contentions are without merit.

In light of our determination, we need not address the defendants' remaining contentions. Dillon, J.P., Balkin, Chambers and Miller, JJ., concur.