■ ROBERT COONEY, Appellant, v CITY OF NEW YORK DEPARTMENT OF SANITATION, Respondent, et al., Defendant. [8 NYS3d 166]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered May 16, 2013, which granted the motion by defendant Department of Sanitation (DOS) to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, without costs, and the motion denied.

The complaint's allegations that DOS refused to hire plaintiff, after he otherwise proved qualified for employment as a sanitation worker, based solely on his having a psoriasis condition on his hands, makes out causes of action for disability-based discrimination under the New York State and New York City Human Rights Laws. Insofar as plaintiff was required by the State Human Rights Law to plead that he

could perform the essential functions of the job if he were afforded reasonable accommodations, the complaint adequately alleges that gloves would have constituted a sufficient accommodation to enable plaintiff to perform the work. Whether DOS was nonetheless justified in considering plaintiff's psoriasis to disqualify him for the position, on the grounds that the condition would have prevented him from performing the essential functions of the position and no accommodation (including gloves) would have obviated the interference, cannot be determined from the face of the complaint and the documentary exhibits annexed thereto.

While DOS submitted evidence in support of its motion tending to show that plaintiff's condition rendered him incapable of performing the job of a sanitation worker, the motion, which was made and decided as one pursuant to CPLR 3211 (a) (7), was never converted to a motion for summary judgment pursuant to CPLR 3211 (c), and the parties did not otherwise " 'deliberately chart[ ] a summary judgment course' " (*Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988], quoting *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1st Dept 1987]). Indeed, DOS itself never requested that its motion be treated as one for summary judgment, and in Supreme Court plaintiff requested discovery in opposition to the motion. Accordingly, the motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) should have been denied. Concur—Tom, J.P., Friedman, Feinman, Gische and Kapnick, JJ. ▮▮▮▮▮▮▮▮