Soroush v Citimortgage, Inc. (2018 NY Slip Op 03724)





Soroush v Citimortgage, Inc.


2018 NY Slip Op 03724


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-00868
 (Index No. 706506/15)

[*1]Mohammad Soroush, respondent, 
v
Citimortgage, Inc., appellant, et al., defendants.


Akerman LLP, New York, NY (Jordan Smith of counsel), for appellant.
Brian McCaffrey, Attorney at Law, P.C., Jamaica, NY, for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge a mortgage, the defendant Citimortgage, Inc., appeals from an order of the Supreme Court, Queens County (Salvatore Modica, J.), dated January 7, 2016, which, in effect, converted its motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it to a motion for summary judgment dismissing the complaint insofar as asserted against it, and thereupon denied the motion, and, in effect, searched the record and awarded summary judgment on the complaint to the plaintiff.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof which, in effect, converted the motion of the defendant Citimortgage, Inc., pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it to a motion for summary judgment dismissing the complaint insofar as asserted against it, and thereupon denied the motion, (2) by deleting the provision thereof which, in effect, searched the record and awarded summary judgment on the complaint to the plaintiff, and (3) by adding a provision thereto denying the motion of the defendant Citimortgage, Inc., pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it; as so modified, the order is affirmed, without costs or disbursements.
In 2008, the plaintiff executed a mortgage on real property located in Bellrose as security for a note. On March 17, 2009, the defendant Citimortgage, Inc. (hereinafter Citimortgage), commenced a foreclosure action alleging that, as a result of the plaintiff's failure to pay the monthly installment due December 2008, Citimortgage was "elect[ing] to call due the entire amount secured by the mortgage." The Supreme Court dismissed the foreclosure action for lack of personal jurisdiction.
In June 2015, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge the subject mortgage, alleging that the applicable six-year statute of limitations to foreclose the mortgage had expired on March 17, 2015. Citimortgage moved pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it, arguing that it had timely revoked its acceleration of the mortgage debt. In support thereof, Citimortgage submitted a letter dated March 13, 2015, addressed to the plaintiff, stating that "[t]he maturity of the Loan is hereby de-accelerated, immediate payment of all sums owed is hereby withdrawn, and the Loan is re-instituted as an installment loan." The plaintiff opposed the motion. The Supreme Court, in effect, converted the motion to a motion for summary judgment and, thereupon, denied the motion. In addition, the [*2]court, in effect, searched the record and awarded summary judgment on the complaint to the plaintiff, canceling and discharging the mortgage pursuant to RPAPL 1501(4).
CPLR 3211(c) provides that, "[u]pon the hearing of a motion made under subdivision (a) or (b), either party may submit any evidence that could properly be considered on a motion for summary judgment. Whether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment." Here, the Supreme Court should not have converted Citimortgage's motion pursuant to CPLR 3211(a) to dismiss the complaint to one for summary judgment without providing "adequate notice to the parties" (CPLR 3211[c]; see Sunset Café, Inc. v Mett's Surf & Sports Corp., 103 AD3d 707; Saleh v New York Post, 78 AD3d 1149; Neurological Servs. of Queens, P.C. v Farmingville Family Med. Care, 63 AD3d 703; Moutafis v Osborne, 18 AD3d 723; Steiner v Lazzaro & Gregory, 271 AD2d 596; Glendora v Kofalt, 224 AD2d 485; Pearsal Props. Corp. v Arzina Realty Corp., 139 AD2d 638; Camarda v Vanderbilt, 100 AD2d 836). None of the recognized exceptions to the notice requirement is applicable here. No specific request for summary judgment was made by any party, the parties did not deliberately chart a summary judgment course, and the action did not exclusively involve issues of law which were fully appreciated and argued by the parties (see Sunset Café, Inc. v Mett's Surf & Sports Corp., 103 AD3d at 708; Moutafis v Osborne, 18 AD3d at 724). Moreover, since Citimortgage's motion to dismiss the complaint should not have been converted to one for summary judgment, the court also should not have searched the record and awarded summary judgment to the plaintiff (see Moutafis v Osborne, 18 AD3d at 724).
Applying the standards governing a motion to dismiss a complaint pursuant to CPLR 3211 (see Sunset Café, Inc. v Mett's Surf & Sports Corp., 103 AD3d at 708; Neurological Servs. of Queens, P.C. v Farmingville Family Med. Care, 63 AD3d at 704), the Supreme Court should have denied Citimortgage's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it on the ground that the evidence it submitted did not constitute documentary evidence within the meaning of CPLR 3211(a)(1) and did not utterly refute the factual allegations of the complaint and conclusively establish a defense to the claims as a matter of law (see Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681, 682; Mendelovitz v Cohen, 37 AD3d 670). "In order for evidence submitted in support of a CPLR 3211(a)(1) motion to qualify as documentary evidence,' it must be unambiguous, authentic, and undeniable. Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case. However, neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (Eisner v Cusumano Constr., Inc., 132 AD3d 940, 941-942 [internal quotation marks and citations omitted]; see Fontanetta v John Doe 1, 73 AD3d 78, 86). Furthermore, "[a] lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070; see Soffer v U.S. Bank, N.A, _____ Misc 3d _____, 2016 NY Slip Op 32697[U] [Sup Ct, Kings County]; 1-4 Bergman on New York Mortgage Foreclosures § 4.03; cf. U.S. Bank N.A. v Barnett, 151 AD3d 791; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
Here, the letter dated March 13, 2015, did not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673; Feldshteyn v Brighton Beach 2012, LLC, 153 AD3d 670; Prott v Lewin & Baglio, LLP, 150 AD3d 908; Anderson v Armentano, 139 AD3d 769; Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790; Jones v Rochdale Vil., Inc., 96 AD3d 1014; Fontanetta v John Doe 1, 73 AD3d at 87). Moreover, the evidentiary material did not utterly refute the plaintiff's allegations that the statute of limitations expired on March 17, 2015 (see Sabre Real Estate Group, LLC v Ghazvini, 140 AD3d 724; All Is. Media, Inc. v Creative AD Worx, Inc., 79 AD3d 677; Granada Condominium III Assn. v Palomino, 78 AD3d 996). As evidence that its revocation preceded the expiration of the statute of limitations, Citimortgage submitted the letter dated March 13, 2015, and relied on language in paragraph 15 of the mortgage stating that notice "is considered given to [Borrower] when mailed by first class mail." However, nothing on the face of the letter [*3]establishes when it was actually mailed, and no independent evidence of the mailing date was submitted (see Matsil v Utica First Ins. Co., 150 AD3d 982). Accordingly, for the purposes of this CPLR 3211(a) motion, the letter does not demonstrate that Citimortgage's claimed affirmative act of revocation was timely interposed (cf. Soffer v U.S. Bank, N.A. _____ Misc 3d _____, 2016 NY Slip Op 32697[U]), and thus does not conclusively establish a defense to the plaintiff's claims as a matter of law (see Mendelovitz v Cohen, 37 AD3d at 671).
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER: Aprilanne Agostino
Clerk of the Court